JACOB LICHTER AND JENNIE L. LICHTER, INDIVIDUALLY AND AS PARTNERS, D/B/A SOUTHERN FIREPROOFING COMPANY, PETITIONERS, *v.* UNITED STATES OF AMERICA, C/O ATTORNEY GENERAL OF UNITED STATES, AND SECRETARY OF THE ARMY, RESPONDENTS.

Docket No. 901–R.   Promulgated May 27, 1953.

*Paul W. Steer, Esq.*, for the petitioners.
*James H. Prentice, Esq.*, for the respondents.

### OPINION.

HILL, *Judge:* The petitioners contend that under section 403 (i) (1) (F) of the Renegotiation Act of 1943, their subcontracts for the year 1942 are exempt because their subcontracts are subcontracts under prime contracts with a department of the Government named in the Renegotiation Act which were awarded as a result of competitive bidding.

The applicable statutory provisions are as follows:

Sec. 403 (i). (1) The provisions of this section shall not apply to—

\* \* \* \* \* \* \*

(E) any contract with a Department, awarded as a result of competitive bidding, for the construction of any building, structure, improvement, or facility; or

(F) any subcontract, directly or indirectly under a contract or subcontract to which this section does not apply by reason of this paragraph.

The effective date of section 403, as provided in section 701 (d) of the Revenue Act of 1943, is as follows:

The amendments made by subsection (b) shall be effective only with respect to the fiscal years ending after June 30, 1943, except that (1) the amendments inserting subsections (a) (4) (C), (a) (4) (D), (i) (1) (C), (i) (1) (D), (i) (1) (F), (i) (3), and (1) in section 403 of the Sixth Supplemental National Defense Appropriation Act, 1942, shall be effective as if such amendments and subsections had been a part of section 403 of such Act on the date of its enactment, and (2) the amendments adding subsection (d) and (e) (2) to section 403 of such Act shall be effective from the date of the enactment of this Act.

Thus, the petitioners appear to believe that their subcontracts are exempt under section 403 (i) (1) (F) for the calendar year 1942, even though the prime contracts for the construction of buildings under which petitioners' subcontracts were let are not exempt because subparagraph (E) does not apply to fiscal years ending before June 30, 1943. *Morgan Construction Co.* v. *Secretary of War*, 11 T. C. 764.

Certainly the petitioners receive no support for their argument from a literal reading of section 403 (i) (1) (F). The provisions of that section apply to "any subcontract, directly or indirectly under a contract or subcontract to which this section does not apply by reason of this paragraph." Petitioners' subcontracts are not exempt under the provisions of section 403 (i) (1) (F), the terms of which they do not fulfill for the reason that they are not subcontractors for the year 1942 under a contract or subcontract to which the Renegotiation Act is inapplicable by reason of the language of section 403 (i) (1).

The legislative history of the applicable sections of the Renegotiation Act gives the position of the petitioners no support. As originally introduced and reported by the House Committee, the bill, H. R. 3687, 78th Cong., 1st Sess., which became the Revenue Act of 1943, exempted, in section 403 (i) (1) (E), "any subcontract, directly or indirectly under a contract or subcontract exempted from the provisions of this section, or to which this section does not apply, by reason of this paragraph." However, the Senate Finance Committee deleted this language, thus expanding the exemption, and in its report, No. 627, 78th Cong., 1st Sess., stated as follows:

3. SUBCONTRACTS UNDER EXEMPT CONTRACTS OR SUBCONTRACTS [Subsec. (i) (1), (I) of the Finance Committee bill; (i) (1) (E) of the House bill].

Under existing law, considerable confusion results from the fact that a subcontract may be subject to renegotiation even though the prime contract or any intermediate subcontract may not be so subject. The House bill exempted such contracts as were directly or indirectly under an exempt contract or subcontract.

The exemption in the House bill went to contracts and subcontracts exempted from the provisions of the renegotiation section and to those to which that section was inapplicable by reason of paragraph (1) of subsection (i). Under the committee bill, the exemption is restricted to contracts and subcontracts to which the renegotiation section is made inapplicable by the paragraph.

There is an important difference between the House and the committee bill in this respect, further, in that the committee bill makes the exemption retroactive to April 28, 1942. The House exemption applied only to amounts received or accrued under such contracts or subcontracts in fiscal years of the contractor or subcontractor ending after June 30, 1943.

Thus, the exemption for subcontracts was limited to those under prime contracts or intermediate contracts which were exempt by reason of section 403 (i) (1). This was done apparently at the suggestion of Joseph M. Dodge, chairman of the then Joint Price Adjustment Board. His suggestion is as follows (Hearings before the Committee on Finance, U. S. Senate, 78th Cong., 1st Sess., H. R. 3687) :

F. Retroactive application of new exemptions and related provisions: It is suggested that the exemptions of charitable contracts—subsection (i) (1) (D), page 125, line 25—and of subcontracts under exempt prime contracts—subsection (i) (1) (E), page 126, line 3—and the provision for special cost allowance at the exemption line in the case of exempted products used by integrated companies—subsection (i) (3)—should be added to the list of provisions of the act which are made effective as though they had been made a part of section 403 on the date of its enactment, April 28, 1942 (see subsection (d) effective date, p. 130, line 7).

It should be noted that the subsection (i) (1) (E) referred to by Joseph M. Dodge is the (E) subsection of the House bill. The House bill subsection (E) related to subcontracts only and became the (F) subsection of the present law. The reason for Dodge's suggestion and the reason for the present section 403 (i) (1) (F) of the Renegotiation Act was to insure that subcontracts for fiscal years ending before June 30, 1943, under exempt prime contracts, that is, prime contracts exempt from April 28, 1942, would likewise be exempt from April 28, 1942. Congress clearly intended that only such subcontractors be exempt as were let under prime or intermediate contracts which were exempt. The prime contracts under which the petitioners' subcontracts here involved were let could be exempt only after June 30, 1943, for the reason that section 701 (d) of the Revenue Act of 1943 expressly so provided. Since the prime contracts under which the petitioners' subcontracts were let were not exempt for the calendar year 1942, the petitioners' subcontracts could not be exempt from the operation of the Renegotiation Act for that year, and we so hold.

After consideration of all the evidence submitted to us, we have concluded, as is evidenced in our Findings of Fact, that the petitioners, doing business as a partnership under the firm name of Southern Fireproofing Company, realized excessive profits in the amount of $76,800.

An order will be issued in accordance herewith.