**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**PITTSBURGH & WEIRTON BUS COMPANY, Respondent.**

**No. 6914.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 13, 1955.

Decided Feb. 9, 1955.

Harry Marselli, Sp. Asst. to Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and Lee A. Jackson, Sp. Assts. to Atty. Gen., on brief), for petitioner.

Robert P. Smith and Joseph W. Kiernan, Washington, D. C. (D. A. Baker and Smith, Ristig & Smith, Washington, D. C., on brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

There is no dispute as to the facts of this case insofar as the question before us is concerned.

For the year 1944, the taxpayer, Pittsburgh and Weirton Bus Company, had filed a corporation excess profits tax return in which it reported an excess profits tax liability of $90,939.14, and in which, claiming the benefit of Sections 722 and 710(a) (5), 26 U.S.C.A. §§ 710(a) (5), 722, it had deferred $30,009.92. As a result of certain adjustments (with respect to matters not here material) made by the Commissioner, the taxpayer's excess profits tax liability for 1944 was increased to $99,174.90, and the amount deferred under Section 710(a) (5) was increased to $32,727.72, which, giving effect to the amount of the credit under Section 784 of the Code, 26 U.S.C.A. § 784, resulted in an excess profits tax deficiency of $4,966.16.

Under date of March 27, 1951, the Commissioner mailed to the taxpayer a notice of disallowance in accordance with the provisions of Section 732 of the Code, 26 U.S.C.A. § 732, informing the taxpayer of the disallowance (in full) of the taxpayer's claims for relief under Section 722 for all of the years 1940 through 1945. In that notice of disallowance, the Commissioner advised the taxpayer that the determination of its excess profits tax for the year 1944 disclosed a liability in the amount of $59,802.46—which corresponded to the amount previously assessed (as increased by the Commissioner) and paid.

From the Commissioner's notice of disallowance of these claims for relief for all of the years 1940 through 1945, the taxpayer instituted its appeal to the Tax Court, and in its petition assigned error only with respect to the Commissioner's rejection of its applications for relief under Section 722 for those years. In its petition, the taxpayer stated that the amount of tax in controversy for 1944 was $89,257.41, and further alleged that excess profits tax totaling $89,257.41 had been assessed

and paid for 1944. In the amended answer filed by the Commissioner at the hearing before the Tax Court, with leave of the Tax Court, the Commissioner, by way of further answer to the petition, alleged that in addition to the excess profits tax liability of $59,802.-46 for 1944 shown in the Commissioner's statutory notice of disallowance, there was due and owing from the taxpayer excess profits tax for 1944 in the amount of $29,454.95, which had been deferred under Section 710(a) (5), and, in his amended answer, the Commissioner expressly made claim for that amount of $29,454.95, and prayed that the Tax Court find a deficiency in excess profits tax for 1944 in that amount.

The cause was subsequently submitted to the Tax Court, on the merits, upon the taxpayer's contention that it was entitled to relief under Section 722 for all the years 1940 through 1945, and upon the Commissioner's claim for a deficiency for 1944, as prayed in his amended answer. The Tax Court, by an opinion promulgated on March 16, 1954, 21 T.C. 888, decided the Section 722 issue against the taxpayer, holding that the taxpayer had failed to establish that it was entitled to any relief under Section 722.

As to the issue raised by the Commissioner's amended answer, the Tax Court, although finding (as one of its separately stated findings of fact) that for 1944 the taxpayer had deferred the payment of $29,454.95 of tax under Section 710(a) (5), in its separate "Opinion" refused to consider the issue, on the ground that it lacked jurisdiction, citing as authority its own decisions in Mutual Lumber Co. v. Commissioner, 16 T.C. 370; Martin Weiner Corp. v. Commissioner, 21 T.C. 470, and West Flagler Amusement Co. v. Commissioner, 21 T.C. 486.

■ We think the Tax Court erred in holding that it lacked jurisdiction to consider and determine the issue raised by the Commissioner by his amended answer with respect to the portion of the excess profits tax for the year 1944

deferred under Section 710(a) (5) of the Internal Revenue Code. The decision of the Tax Court is, accordingly, reversed and the case is remanded to that Court with directions to decide this issue.

■ The decision of the Tax Court before us stems from the leading case of Mutual Lumber Co. v. Commissioner, 16 T.C. 370. In that case Judge Opper (joined by Judges Johnson and Raum) dissented. In his dissenting opinion, Judge Opper stated: (16 T.C. at pages 375–376):

"It would thus seem as clear as need be from the plain import of the provisions of section 271, 322, 728, 729, and 732 [26 U.S.C.A. §§ 271, 322, 728, 729, 732], read together that jurisdiction was expressly conferred to determine the very type of overpayment which this petitioner now claims.

"But as if to make the situation even less debatable, there was also enacted section 732(b) which provides:

" '(b) Deficiency Found By Board In Case Of Claim.—If the Board finds that there is no overpayment of tax in respect of any taxable year in respect of which the Commissioner has disallowed, in whole or in part, a claim for refund described in subsection (a), and the Board further finds that there is a deficiency for such year, the Board shall have jurisdiction to determine the amount of such deficiency * * *.'

"There can be no reason for the addition of such a provision except to enable the consideration of the so-called 'standard' issues arising under other provisions of subchapter E. No deficiency can exist in a section 722 situation since by definition that requires nothing but a claim for refund; and in passing it may be noted that section 710 (a) (5) permitting the withholding of a portion of the tax and its treatment as a deficiency had not been

enacted when section 732 first became law.

"In order then to give section 732(b) any meaning whatever as of the date of its enactment it must be taken as conferring on the Tax Court jurisdiction to consider standard issues under the excess profits tax subchapter generally once a petition has been filed with respect to a claim under section 722. There is no other situation to which it could apply. And if the Tax Court has jurisdiction to consider standard deficiency issues, it has under section 322 a corresponding jurisdiction to consider claims for overpayment likewise based upon the standard issues.

"All this would seem clear enough from the statutory provisions themselves. But even if the provisions were ambiguous, an examination of the legislative history would demonstrate that this result is required. The explanation accompanying section 732 is that 'If such petition is filed such notice of disallowance is deemed to constitute a notice of deficiency for the purpose of assessment and collection of any deficiencies *and the credit or refund of over-payments (including the suspension of the statute of limitations with respect thereto)*. If such appeal is taken, then all pertinent issues *bearing upon the tax liability under chapter 2E may be raised by the taxpayer and reviewed by the Board*. If the Board does not find an over-payment but finds a deficiency in such cases, such deficiency may be assessed and collected, *regardless of any statute of limitations otherwise applicable*. If a claim for refund involving an issue of abnormality is disallowed in whole or in part, *and the taxpayer does not wish to appeal to the Board, it still has the right to sue in the courts upon any issue raised in such claim* except the issue with respect to abnormalities.' (Emphasis supplied by Judge Op-

per.) H. Rept. 146, 77th Cong. 1st Sess., 15; 1941–1 C B. 560."

With these views of Judge Opper, we heartily agree.

The doctrine enunciated in the majority opinion in the Mutual Lumber Co. case, supra, has not found favor with the federal appellate courts. Thus, in H. Fendrich, Inc., v. Commissioner, 7 Cir., 192 F.2d 916, Circuit Judge Duffy's opinion repudiates this doctrine and expressly approves Judge Opper's dissent. The Fendrich decision was followed in a *per curiam* opinion of the Sixth Circuit in City Machine & Tool Co. v. Commissioner, 194 F.2d 535. And the Fendrich case and the City Machine case found favor with the Eighth Circuit, in an opinion by Circuit Judge Collet, in Packer Pub. Co. v. Commissioner, 211 F.2d 612. We find it necessary to add little to what has been well said by Judges Opper, Duffy and Collet. The Supreme Court seems never to have passed on this question.

■ Counsel for the taxpayer contend that no deficiency for the year 1944 may be determined by the Tax Court since the Commissioner had never mailed the statutory notice of deficiency required by Section 272(a) (1) of the Internal Revenue Code, 26 U.S.C.A. § 272(a) (1), and the amended answer of the Commissioner in the Tax Court cannot serve as a means of asserting a deficiency without the statutory notice. Counsel have, however, ignored the plain and explicit provisions of Section 732(a) of the Code, which provides that the notice of disallowance sent by the Commissioner under this Section: "shall be deemed to be a notice of deficiency for all purposes relating to the assessment and collection of taxes or the refund or credit of overpayments." The record shows that the taxpayer received a proper notice of disallowance which covered the year 1944. It appears, therefore, that taxpayer did receive a notice of deficiency as required by Section 272(a) (1) of the Code. The amended answer filed by the Commissioner was not an attempt to assert an increased deficiency under Section 272

(e) of the Code without a notice of deficiency, as counsel for taxpayer contend. The notice of disallowance mailed by the Commissioner constituted a valid notice of deficiency for the year 1944.

 Taxpayer's counsel further contend that the alleged deficiency of $29,454.95 could not be based upon the notice of disallowance received by the taxpayer, even if it constituted a statutory notice of deficiency, since the notice of disallowance only mentioned an excess profits tax liability of $59,802.46 for the year 1944 and this figure did not include the alleged deficiency of $29,454.95. We find no merit in this contention. It is well settled that once a taxpayer has received a proper notice of deficiency then the Tax Court has the power to find a greater deficiency for the year covered by the notice than that asserted in the notice, Section 272(e), Internal Revenue Code. Since the taxpayer received a proper notice here covering the year 1944, the Tax Court had jurisdiction to determine a deficiency for that year without being limited to the figure mentioned in the notice of disallowance.

Counsel for taxpayer here admit that their contentions are based upon a technicality, but, they insist, tax laws are shot through with technicalities and taxpayer can rest upon a technicality here. However true this may be, it is our considered opinion that this technicality here rests on an exceedingly dubious basis and that such technicalities should not be permitted to prevent the orderly and efficient enforcement of the federal internal revenue laws. Again, the spirit of common sense in modern procedural rules would seem to require the determination of this issue in question, without resort to a multiplicity of actions by the Tax Court, expressly created as an expert tribunal for the decision of just such questions.

There is force, too, in this suggestion, taken from the Commissioner's brief:

"* * * the Commissioner's action, in seeking (by his amended answer) to have the Tax Court determine the deferred tax as a deficiency, was motivated or brought about by the conduct of the taxpayer itself at the hearing before the Tax Court, where it was plainly indicated on behalf of the taxpayer that an effort may be made to hold the Commissioner to the amount of tax liability for 1944 stated in the notice of disallowance and to resist any attempt by the Commissioner to assess the deferred portion of the 1944 tax in the future. In view of that threat—or suggestion, or whatever term may be appropriate to characterize the disclosed intention—it was not only entirely proper but also a necessary precautionary step for the Commissioner to expressly request the finding of a deficiency in the instant case for the amount of the deferred tax."

The decision of the Tax Court is reversed and the case is remanded to that Court for further proceedings consistent with this opinion.

Reversed and remanded.