**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**F. W. POE MANUFACTURING COMPANY, Respondent.**

No. 6979.

United States Court of Appeals Fourth Circuit.

Argued June 13, 1955.

Decided July 13, 1955.

Harry Marselli, Sp. Asst. to Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and Lee A. Jackson, Sp. Assts. to Atty. Gen., on brief), for petitioner.

William H. Charles, St. Louis, Mo. (William C. Connett, IV, and Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., on brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is another appeal from a holding by the Tax Court that, in a proceeding originally brought to it under section 732 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 732, from the disallowance of section 722, 26 U.S.C.A. § 722, relief, it has no jurisdiction to consider a so-called standard issue raised by the Commissioner. For the reasons stated by this court in Commissioner of Internal Revenue v. Pittsburgh & Weirton Bus Company, 4 Cir., 219 F.2d 259, we think that this holding was erroneous and that the Tax Court did have jurisdiction to decide the issue raised by the Commissioner. See also Martin Weiner Corp. v. Commissioner, 2 Cir., 223 F.2d 444, rehearing denied; Willys-Overland Motors v. Commissioner, 6 Cir., 219 F. 2d 251; Packer Publishing Co. v. Commissioner, 8 Cir., 211 F.2d 612; City Machine & Tool Co. v. Commissioner, 6 Cir., 194 F.2d 535; H. Fendrich, Inc., v. Commissioner, 7 Cir., 192 F.2d 916. The order of dismissal will accordingly be reversed and the case will be remanded to the Tax Court for further proceedings not inconsistent herewith.

Reversed and remanded.