COMMISSIONER OF INTERNAL REVENUE, Petitioner,

v.

BLUE DIAMOND COAL CO., Respondent.

COMMISSIONER OF INTERNAL REVENUE, Petitioner,

v.

CENTRAL PAPER COMPANY, Inc., Respondent.

Nos. 12449, 12517.

United States Court of Appeals Sixth Circuit.

March 5, 1956.

Harry Marselli, Washington, D. C. (H. Brian Holland, Ellis N. Slack and Lee A. Jackson, Washington, D. C., on the brief), for Commissioner of Internal Revenue.

Scott P. Crampton, Washington, D. C. (George E. H. Goodner and Dewey R. Roark, Jr., Washington, D. C., on the brief), for Blue Diamond Coal Co.

Wilbur A. Giffen, Chicago, Ill., for Central Paper Co., Inc.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

ALLEN, Circuit Judge.

The petitions to review in these companion cases arise out of similar proceedings asking for redetermination of excess profits tax liability under Section 722 of the Internal Revenue Code of 1939, 26 U.S.C.A. Int.Rev.Acts, pages 22 et seq., 35, in each of which the Commissioner sought by amended answer to introduce "standard issues" and prayed for the determination of deficiencies.

The Tax Court decided that it had no jurisdiction in such a proceeding as to so-called "standard issues."

In the Central Paper Company case taxpayer had filed a claim for refund for the three fiscal years ended June 30, 1943, June 30, 1944, and June 30, 1945, relating to the application of Section 722. In its claim for refund taxpayer alleged that the excess profits tax liability as determined by the Commissioner computed without the benefit of Section 722 was excessive and discriminatory. On September 6, 1950, the Commissioner in accordance with Section 732, 26 U.S.C.A. Int.Rev.Acts, page 86, forwarded a notice of disallowance of the claim for refund. Thereafter a petition for redetermination of the liability set forth in the notice of disallowance was filed. The Commissioner moved to dismiss upon the ground that the petition had been filed 92 days after the mailing of the notice. The Tax Court granted this motion but this court reversed the decision and remanded the case for hearing. Central Paper Co. v. Commissioner of Internal Revenue, 6 Cir., 199 F.2d 902.

After the remand the Commissioner filed an answer which contained no affirmative matter. Subsequently and before hearing on the merits, the Commissioner filed a motion for leave to file an amended answer appended to the motion. In his amended answer the Commissioner pleaded affirmatively that in his determination of taxpayer's excess profits tax liability he had failed, in arriving at taxpayer's average net income for the base period years, to give effect to the reduction in net income for the taxable year 1940 required under the decision in Central Paper Co. v. Commissioner, 6 Cir., 158 F.2d 131, 134; that the making of that adjustment with respect to the income for 1940 and giving effect to the provisions of Section 711(a)(1) (C) would result in deficiencies in the amounts of $23,737.04, $48,855.78 and $23,055.76, respectively, for the fiscal years 1943, 1944 and 1945, claim for which deficiencies was made under Section 272(e); that, if the provisions of Section 711(a)(1)(C) should be held inapplicable, deficiencies would amount to $23,248.91, $47,852.39, and $24,540.50, respectively, for the fiscal years ended 1943, 1944, and 1945, claim for which deficiencies was also made, alternatively, pursuant to Section 272(e).

Taxpayer filed a motion to strike the portion of the Commissioner's amended answer containing the above affirmative matter on the ground that the court did not have jurisdiction to consider those issues or to find the deficiencies as prayed. The Tax Court granted the motion.

In the Blue Diamond case the Commissioner's notice of disallowance was mailed September 29, 1949. Taxpayer filed a petition attacking claimed error in the Commissioner's disallowance of its claims for relief under Section 722 for the taxable years ended March 31, 1943, 1944, and 1945. The Commissioner filed an answer containing no affirmative matter. After a motion for leave to amend filed by taxpayer, on which the Tax Court took no action, the Commissioner filed a motion for leave to amend his answer. He averred that if it should be held that taxpayer's production during the base period years was abnormally low at any mine or, if its base period production should be increased under the provisions of Section 722, then the constructive increased production should also be used in determining the amounts allowable to taxpayer as "exempt excess output" income. Subsequently the Commissioner filed a motion asking permission further to amend by raising a standard issue relative to petitioner's "failure to set up a supply inventory." The proposed amended answer stated in substance that taxpayer had understated its income for the fiscal years ended March 31, 1943 and 1944, in the amounts of $29,744.65 and $63,849.25, respectively, by erroneously failing to give effect to its inventories of unused mine supplies; that there were resulting deficiencies in taxpayer's excess profits taxes for the fiscal years 1943 and 1944 in the

amounts of $24,093.16 and $52,432.26, respectively, which the Commissioner asked to be determined as deficiencies. This motion was denied by the Tax Court "in conformity with the Mutual Lumber Company Case * * *."

In each case the Tax Court, notwithstanding repeated rejection of its view by United States Courts of Appeals, held that it had no jurisdiction to review "standard issues" in a proceeding brought under Section 732(a) attacking the disallowance of claims for relief under Section 722.

In Mutual Lumber Co. v. Commissioner of Internal Revenue, 16 T.C. 370, eight members of the Tax Court decided that the Tax Court had no jurisdiction over the tax imposed under the general excess profits tax provisions of the Internal Revenue Code, where an overassessment was determined by the Commissioner even though the proceeding arose out of the taxpayer's application for relief under Section 722. The Tax Court declared that no issue arising under the general provisions of subchapter E could properly be an issue in a case before the Tax Court based upon denial of claim for relief under Section 722.

Five members of the Tax Court dissented in part on the ground that this question was not presented in the Mutual Lumber Co. case. Three members of the Tax Court joined in a dissenting opinion by Judge Opper based upon the theory that the Tax Court erroneously decided that it lacked jurisdiction to make a determination of the conceded overpayment. Judge Opper pointed out:

"Jurisdiction to review denials of claims under section 722 is conferred by section 732. In this case petitioner filed the requisite petition for that purpose. Section 732 then directs 'If such petition is so filed, such notice of disallowance shall be deemed to be a notice of deficiency for all purposes relating to the assessment and collection of taxes or the refund or credit of overpayments.'

"It is evident, of course, that the denial of a claim for refund would not ordinarily conform with the determination of a deficiency under the income tax chapter as defined in section 271. But that difficulty is removed by the obviously purposeful provision of section 732 just quoted. And when this is so, that is when a deficiency has been determined, the Tax Court is expressly given jurisdiction, again under the income tax provisions, to find 'that there is no deficiency and * * * that the taxpayer has made an overpayment of tax' and 'to determine the amount of such overpayment.' Section 322(d).

"It would thus seem as clear as need be from the plain import of the provisions of section 271, 322, 728, 729, and 732 read together that jurisdiction was expressly conferred to determine the very type of overpayment which this petitioner now claims.

"But as if to make the situation even less debatable, there was also enacted section 732(b) which provides:

"(b) Deficiency Found by Board in Case of Claim.—If the Board finds that there is no overpayment of tax in respect of any taxable year in respect of which the Commissioner has disallowed, in whole or in part, a claim for refund described in subsection (a), and the Board further finds that there is a deficiency for such year, the Board shall have jurisdiction to determine the amount of such deficiency * * *.

"There can be no reason for the addition of such a provision except to enable the consideration of the so-called 'standard' issues arising under other provisions of subchapter E. No deficiency can exist in a section 722 situation since by definition that requires nothing but a claim for refund; and in passing it may be noted that section 710(a)(5) permitting the withholding of a

portion of the tax and its treatment as a deficiency had not been enacted when section 732 first became law.

"In order then to give section 732 (b) any meaning whatever as of the date of its enactment it must be taken as conferring on the Tax Court jurisdiction to consider standard issues under the excess profits tax subchapter generally once a petition has been filed with respect to a claim under section 722. There is no other situation to which it could apply."

The legislative history supports this view. As stated by the House Ways and Means Committee (House Rep. No. 146, 77th Cong., 1st Sess., p. 560) with reference to this section:

"'Under existing law, unless a deficiency has been determined by the Commissioner, a taxpayer has no right of appeal to the Board. * * * Thus, for example, if a refund claim were filed by a taxpayer, and the Commissioner disallowed the claim in whole or in part, but did not determine deficiency, no right of review of the Commissioner's action by the Board would be present. Inasmuch as the taxpayer's right to relief under certain of the relief provisions provided in this bill may only be raised by a claim for refund, it is necessary that a procedure be provided whereby the Board may obtain jurisdiction to review a decision by the Commissioner disallowing such claims. Accordingly section 732 (added to the Excess Profits Tax Act of 1940 by sec. 9 of the bill) provides that the taxpayer may file a petition with the Board of Tax Appeals within 90 days after notice of such disallowance is mailed for redetermination of the excess profits tax. If such appeal is taken, then all pertinent issues bearing upon the tax liability under Chapter 2E may be raised by the taxpayer and reviewed by the Board.'"

In the thorough consideration given this question by the Seventh Circuit, H. Fendrich, Inc., v. Commissioner of Internal Revenue, 192 F.2d 916, 919, the court declares:

"* * * Respondent here claims that the only pertinent issues are those pertinent to the relief claims. But the committee did not say that. Effect must be given to the entire sentence which stated, 'all pertinent issues bearing upon the tax liability under Chapter 2E may be raised by the taxpayer.'"

Obviously if all pertinent issues bearing upon tax liability under chapter 2E may be raised by the taxpayer all pertinent issues bearing upon tax liability under Chapter 2E may be raised by the Commissioner. Such an issue is raised here. Numerous appellate courts which have passed upon the question have rejected the view that the Tax Court in a proceeding of this nature has no jurisdiction to consider standard issues. H. Fendrich, Inc., v. Commissioner of Internal Revenue, supra; City Machine & Tool Co. v. Commissioner of Internal Revenue, 6 Cir., 194 F.2d 535; Packer Pub. Co. v. Commissioner of Internal Revenue, 8 Cir., 211 F.2d 612; Commissioner of Internal Revenue v. Pittsburgh & Weirton Bus Co., 4 Cir., 219 F.2d 259; Willys-Overland Motors, Inc., v. Commissioner of Internal Revenue, 6 Cir., 219 F.2d 251; Martin Weiner Corp. v. Commissioner of Internal Revenue, 2 Cir., 223 F.2d 444; Commissioner of Internal Revenue v. F. W. Poe Mfg. Co., 4 Cir., 224 F.2d 254.

This court recently considered the same problem in Willys-Overland Motors, Inc., v. Commissioner of Internal Revenue, supra, and held that the Tax Court has jurisdiction. We adhere to that conclusion.

The instant cases are stronger on the facts than the Willys-Overland case, supra, for here the Commissioner is asserting deficiencies. As the Commissioner rightly points out, Section 732(b) au-

thorizes the Tax Court to find a deficiency in an abnormality case, and, since that can only occur if the Tax Court considers other issues than those embraced within "abnormality relief," the decision of the Tax Court on this point is clearly erroneous. Also, the contention that the Tax Court can find an increased deficiency only when a notice of deficiency has been mailed to a taxpayer, Section 272 (a), 26 U.S.C.A., while the notice to the taxpayer in these cases is only a notice of disallowance of relief, has no merit. Section 732(a) expressly provides that a "notice of disallowance" is to be deemed "a notice of deficiency" for all purposes relating to the assessment and collection of taxes or a refund or credit for overpayment. Cf. Commissioner of Internal Revenue v. Pittsburgh & Weirton Bus Co., supra, 219 F.2d 262–263.

■ In Commissioner of Internal Revenue v. Smith Paper, Inc., 1 Cir., 222 F.2d 126, the court decided that the order of the Tax Court was not reviewable and dismissed the case for that reason. It would be unfortunate if the rule were to be established that the Tax Court had no jurisdiction of standard issues in proceedings instituted for relief under Section 722 and that no appeal lies to an order dismissing such proceedings for lack of jurisdiction. Apart from this important consideration of policy, we think we have jurisdiction to review these orders. Section 7482(a) gives Courts of Appeals jurisdiction to review decisions of the Tax Court and Section 7459(c) (d) of the 1954 Code, 26 U.S.C.A. classes orders dismissing proceedings for lack of jurisdiction together with orders redetermining tax liability or deficiency as being decisions of the Tax Court. Cf. Reo Motors, Inc., v. Commissioner of Internal Revenue, 6 Cir., 219 F.2d 610; City Machine & Tool Co. v. Commissioner of Internal Revenue, supra; Willys-Overland Motors, Inc., v. Commission of Internal Revenue, supra; H. Fendrich, Inc., v. Commissioner of Internal Revenue, supra; in which various Courts of Appeals treated orders similar to the one herein involved as being reviewable.

The orders of the Tax Court are reversed and the cases are remanded for further proceedings not inconsistent with this opinion.