**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

**v.**

**SEMINOLE MANUFACTURING COM-PANY, Respondent.**

**No. 15739.**

United States Court of Appeals Fifth Circuit.

May 8, 1956.

Harry Marselli, Atty., Dept. of Justice, Washington, D. C., H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Sp. Asst. to Atty. Gen., John Potts Barnes, Chief Counsel, Int. Rev. Service, Claude R. Marshall, Sp. Atty., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., for petitioner.

Stanley H. Richards, Chicago, Ill., Robert S. Foster, Chicago, Ill., Foster, Kennedy & Nosek, Chicago, Ill., of counsel, for respondent.

Before HUTCHESON, Chief Judge, and TUTTLE and CAMERON, Circuit Judges.

TUTTLE, Circuit Judge.

The question presented by this appeal is one that has been much litigated in the Tax Court and in the Courts of Appeals. The Tax Court has held consistently to one view and the appellate courts in at least eight cases have reversed. In one Circuit the Court of Appeals dismissed the appeal as being premature.

This is a petition for review of an order of the Tax Court in a proceeding authorized by § 732, 26 U.S.C.A., for redetermination of excess profits tax liability under the terms of § 722, 26 U.S.C.A., which, under circumstances there stated, provide abnormality relief. The order complained of struck an amendment to the Commissioner's answer by which, having already filed a general denial, the Commissioner sought to raise so-called "standard issues" as to the correct amount of the taxpayer's excess profits tax liability without reference to the abnormality question. The order was entered by the Tax Court on motion of the respondent here, the court itself taking the position that, in a proceeding to obtain abnormality relief under § 722 the Tax Court could not consider matters af-

fecting excess profits tax liability not related to the question of abnormality.[1]

At the time of the entry of the order appealed from the taxpayer and commissioner had entered into a stipulation whereby they had disposed of the § 722 issue by agreeing to a constructive base period net income for 1941 through 1945, the years in question. There remained only the mathematical computation to dispose finally of the proceeding.

As has already been indicated, this precise question has been before the courts repeatedly, and with practical uniformity of result. With the exception of the Court of Appeals for the First Circuit, the appellate courts have uniformly reversed the Tax Court on its construction of the applicable sections of the Second World War Excess Profits Tax Law.[2] In the First Circuit the court seems to indicate agreement with this view, but it dismissed the appeal as having been taken from an interlocutory rather than final order.[3]

■ Concluding, as we do, that the Courts of Appeals which have already considered and passed on the merits of this controversy have correctly construed the law, we decide that the Tax Court has jurisdiction in a § 722 proceeding to consider standard issues unrelated to the question of abnormality relief, if such issues are properly before that court. We adopt the reasoning of the Court of Appeals for the Sixth Circuit in the most recent cases on this phase of the appeal. See Commissioner of Internal Revenue v. Blue Diamond Coal Co. and Commissioner of Internal Revenue v. Central Paper Company, Inc.[4] An excellent statement of the procedural steps provided by the statute to deal with this type of situation is included in the opinion of the Court of Appeals for the Third Circuit in Commissioner of Internal Revenue v. S. Frieder & Sons Co.[5] We think that analysis is a clear and convincing exposition of the view we take of the law in common with the other Courts of Appeals.

We now turn to the question raised here by respondent taxpayer's motion to dismiss the appeal as having been taken from an interlocutory order and not from a "decision" of the Tax Court. The argument is made that the order dismissing the amendment to the answer is not such "decision" as, under the terms of Section 7482(a) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7482(a), formerly Section 1141(a) of the 1939 Code,[6] may be appealed. It was so held in the First Circuit case of Commissioner of Internal Revenue v. Smith Paper Co., supra. The opposite view was taken in the only other instances where the

---

1. "On authority of American Pad & Textile Co., 16 T.C. 1304; Martin Weiner Corporation, 21 T.C., 470 and West Flagler Amusement Co., Inc., 21 T.C. 486, it is

"Ordered: That said Motion to Strike the Amendment to the answer be and the same is hereby granted." (Tax Court opinion not reported.).

The cited cases were bottomed on the proposition that the Tax Court lacked jurisdiction to consider the standard issues in a § 722 proceeding.

2. H. Fendrich, Inc., v. Commissioner, 7 Cir., 192 F.2d 916; Packer Pub. Co. v. Commissioner, 8 Cir., 211 F.2d 612; Willys-Overland Motors, Inc., v. Commissioner, 6 Cir., 219 F.2d 251; Commissioner of Internal Revenue v. Pittsburgh & Weirton Bus Co., 4 Cir., 219 F.2d 259, followed in Commissioner of Internal Revenue v. F. W. Poe Mfg. Co., 4 Cir.,

224 F.2d 254; Martin Weiner Corp. v. Commissioner, 2 Cir., 223 F.2d 444; Commissioner of Internal Revenue v. S. Frieder & Sons Co., 3 Cir., 228 F.2d 478; Commissioner of Internal Revenue v. Blue Diamond Coal Co., and Commissioner of Internal Revenue v. Central Paper Company, Inc., 6 Cir., 230 F.2d 312.

3. Commissioner of Internal Revenue v. Smith Paper Co.; 222 F.2d 126.

4. 230 F.2d 312.

5. 228 F.2d 478, 481.

6. "Jurisdiction.—The United States Courts of Appeals shall have exclusive jurisdiction to review the decisions of the Tax Court, except as provided in section 1254 of Title 28 of the United States Code, in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury; * * *."
26 U.S.C.A. § 7482(a).

Courts of Appeals have specifically passed on it. These instances are the decisions by the Third Circuit in Commissioner of Internal Revenue v. S. Freider & Son Co., supra, and the Sixth Circuit in Commissioner of Internal Revenue v. Blue .Diamond Coal Co., supra, and Commissioner of Internal Revenue v. Central Paper Company, Inc., supra.

■ We are persuaded that the order of the Tax Court by which it dismissed a pleading of the Commissioner seeking to establish a deficiency in tax finally disposed of that "proceeding." This amounts to a "decision" dismissing a proceeding pending before it. We are the more persuaded to this view because of the unusual circumstance that in the state of the record in this case no other decision of the Tax Court could ever be appealed to this Court. The statute allowing such petition for § 722 relief expressly provides that no appeal shall be taken from an adverse ruling on that issue.[7] Thus, if we were to hold this appeal premature because from an interlocutory order, it would simply amount to returning the case to the Tax Court long enough to permit it to enter its final decision on the abnormality issue, which itself would not be appealable, and requiring the losing party then to appeal to this Court again to bring up this same question, and only this same question, for review. Under these circumstances we hold, in line with the Third and Sixth Circuits and contrary to the First, that the order complained of was an appealable decision of the Tax Court.

■ There is still a further question for our consideration. The taxpayer contends that the record before us shows that the Tax Court was right in dismissing the amendment because it was apparent on the face of the pleadings that the new matter sought to be introduced as a claimed deficiency for the years 1941–1945 could not be pleaded because the Commissioner had already been foreclosed by the applicable statute of limitations. The defense of the statute of limi-

tations being essentially one of fact, it should be passed on in the first instance by the Tax Court. As said by the Court in Commissioner of Internal Revenue v. S. Freider & Son Co., supra [228 F.2d 482]:

"We think it the wiser course not to decide the statute of limitations question now. It may well be, as the taxpayer urges, that no fact not apparent on the present record is relevant to this issue. But it does involve questions of the interrelation of scattered provisions of the Internal Revenue Code, within and without the excess profits tax subchapter. The recent decisions of the Courts of Appeals, construing Section 732 as we do here, are even now requiring the Tax Court to consider various statute of limitations questions which arise in such delayed redetermination of excess profits taxes. To us it seems sound judicial administration that these questions should in first instance be fully presented to the Tax Court and considered and analyzed by it in the light of its special familiarity with all of these matters, their interrelation and their implications. Accordingly, we leave any and all questions concerning the statute of limitations open for appropriate consideration on remand."

The same course was followed by the Second Circuit in the case of Martin Weiner Corp. v. Commissioner, supra, note 2, and we are entirely in accord with this procedure.

The Tax Court erroneously held it was without jurisdiction to consider the issue presented by the Commissioner's amended answer. The case must be remanded to the Tax Court to permit it to consider this pleading, leaving open to it, of course, the duty of considering the taxpayer's contention that the matters alleged are barred by the statute of limitations, and also the contentions the Commissioner makes as to the Court's duty

7. 26 U.S.C.A. § 732.

to consider the extent to which the statute of limitations is applicable in determinations made under the relief provisions of § 722, neither of which questions do we pass on.

Reversed and remanded for further proceedings consistent with this opinion.