**H. FENDRICH, Inc., Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 11673.**

United States Court of Appeals
Seventh Circuit.

March 29, 1957.

Hugh C. Bickford and Henry H. Elliott, Washington, D. C., for petitioner.

Charles K. Rice, Asst. Atty. Gen., Harry Marselli, Atty., Tax Division, Lee A. Jackson, Atty., U. S. Dept. of Justice, Washington, D. C., for respondent.

Before DUFFY, Chief Judge, and MAJOR and FINNEGAN, Circuit Judges.

DUFFY, Chief Judge.

This cause is here for the second time. To properly understand the issues currently before us, it is necessary to refer briefly to the prior proceedings.

Under the Excess Profits Tax Acts of World War II, 26 U.S.C. § 710 et seq., a tax was authorized upon a concept of "normal income" and "excess profits." The excess profits were to be that part of a taxpayer's income which exceeded an "excess profits tax credit." This credit could be determined by either the earnings method or the invested capital method. The latter was used by taxpayer in the case at bar.

Taxpayer claimed it had depressed earnings during the base period 1936 to 1939. It filed a petition under § 732 Internal Revenue Code of 1939,[1] 26 U.S. C. § 732 for a "redetermination of the tax under this subchapter." Taxpayer had discovered that it had computed its excess profits tax credit on the basis of invested capital without inclusion of one million dollars being the fair market value on April 1, 1920, of good will and other intangibles turned over to the taxpayer by its stockholders at the time its legal setup was changed from a partnership to a corporation.

The Commissioner disallowed the application for relief under § 722 of the Code with respect to the excess profits taxes for the years 1943, 1944 and 1945, and taxpayer instituted this proceeding before the Tax Court. In 1951 the Tax Court, with three judges dissenting, sustained a motion by the Commissioner to dismiss for lack of jurisdiction insofar as the proceeding related to the issue of invested capital,—a so-called "standard issue." This Court reversed. H. Fendrich, Inc. v. Commissioner of Internal Revenue, 7 Cir., 192 F.2d 916. We held

---

1. All Code references herein are to the Internal Revenue Code of 1939.

that in a proceeding brought in the Tax Court under § 732 of the Code from a disallowance of § 722 relief, the Tax Court did have jurisdiction to consider so-called "standard issues." [2]

In our previous decision holding that the Tax Court must take jurisdiction of "standard issues" we, of course, did not say, in effect, that the Tax Court should order a refund for all overpayments resulting from the "standard issues" nor did we prejudge the applicability of the Statute of Limitations.

After remand, the Tax Court set aside its order of dismissal. The cause came on for hearing upon the merits and was submitted for decision upon the pleadings and a stipulation of facts. The Commissioner conceded that taxpayer was entitled to an increase of $1,000,000 in its invested capital by reason of the good will and other intangibles hereinbefore mentioned. The Commissioner agreed that taxpayer was entitled to a refund of all of the overpayment for 1943 amounting to $70,683.50. He also conceded taxpayer's right to a refund of a portion of the overpayments for the other two years, namely, $8,759.88 for 1944 and $439.62 for 1945. Deficiencies in these sums had been paid by taxpayer in December, 1947. However, the Commissioner insisted that the balance of the excess profits tax for 1944 and 1945 was not refundable because any such refund was barred by the Statute of Limitations incorporated in § 322(d) (1) (A) of the Code.

Two issues were submitted to the Tax Court. 1) Whether the refund of the balance of the 1944 and 1945 overpayments was barred by the Statute of Limitations, and, in the alternative, 2) Whether taxpayer was entitled to a carryover to 1944 of unused excess profits for prior years.

The taxpayer filed corporation excess profits tax returns for the calendar years 1943, 1944 and 1945 with the Collector of Internal Revenue at Indianapolis, Indiana, on March 15, 1944, May 15, 1945 and March 15, 1946, respectively. It computed the excess profits credit on the basis of invested capital without inclusion of any amount representing good will and other intangibles paid in at the time of incorporation.

Taxpayer's return for 1943 showed no tax due. The Commissioner determined a net deficiency of $70,683.50. Taxpayer paid this amount in 1947. Taxpayer's excess profits tax return for 1944 showed a liability of $220,321.30 which was paid in 1945. The Commissioner determined a net deficiency of $8,759.88 which taxpayer paid in December, 1947. Taxpayer's excess profits tax return for 1945 showed a liability of $43,395.52 which amount was paid in 1946. The Commissioner levied a deficiency of $439.62 which was paid in December, 1947.

Taxpayer filed applications for relief pursuant to § 722 of the Code for the years 1943, 1944 and 1945 on April 20, 1948, May 15, 1945 and March 15, 1946, respectively. On February 16, 1948, taxpayer filed claims for refund for 1943, 1944 and 1945 which referred to the applications filed under § 722. The claim for 1943 also stated "This claim is filed to protect the taxpayer's rights in the circumstances." The claims for 1944 and 1945 each stated: "This claim (is) filed

**2.** This decision has been approved by the Courts of Appeal in seven other circuits, to-wit: Commissioner of Internal Revenue v. Pittsburgh & Weirton Bus Co., 4 Cir., 219 F.2d 259, 262; Willys-Overland Motors, Inc., v. Commissioner, 6 Cir., 219 F.2d 251; Commissioner of Internal Revenue v. Smith Paper, Inc., 1 Cir., 222 F.2d 126, 130; Martin Weiner Corp. v. Commissioner, 2 Cir., 223 F.2d 444, 446; Commissioner of Internal Revenue v. F. W. Poe Mfg. Co., 4 Cir., 224 F.2d 254;

Commissioner of Internal Revenue v. Seminole Mfg. Co., 5 Cir., 233 F.2d 395, 396; Commissioner of Internal Revenue v. Blue Diamond Coal Co., 6 Cir., 230 F.2d 312, 315; Commissioner of Internal Revenue v. S. Frieder & Sons Co., 3 Cir., 228 F.2d 478, 481; Packer Publishing Co. v. Commissioner, 8 Cir., 211 F.2d 612, 616; Geo. Kemp Real Estate Co. v. Commissioner, 2 Cir., 205 F.2d 236; Miami Valley Coated Paper Co. v. Commissioner, 6 Cir., 211 F.2d 422.

to protect the taxpayer's rights to the fullest extent under its claim for relief under § 722 of the Internal Revenue Code."

On May 12, 1949 the taxpayer filed claim for refund for each of the years 1943, 1944 and 1945 in which, for the first time, a claim was made that there should be added to the invested capital of the taxpayer the fair market value or basis of intangible property put into the corporation at the date of its formation on April 1, 1920. It will be noted that these claims were filed more than three years after taxpayer's returns were filed, and more than two years after the contested taxes were paid.

The Tax Court, upon a review of the case by the entire court, and with one judge dissenting, sustained the position of the Commissioner, and held that the claims filed on May 12, 1949 were the only ones which had any validity. Since the amounts of $8,759.88 and $439.62 of the total taxes were the only amounts which were paid within two years of the filing dates of the claims, the Court held the balance of the taxes could not be refunded. A tabulation of the effect of the decision is as follows:

timely section 722 claim upon an unrelated ground.

Taxpayer contends there is no applicable statute of limitations barring refunds of any portion of its overpayments. Taxpayer argues that the good will issue having been raised by a proper petition before the Tax Court, the power of that Court to find overpayment was identical with its jurisdiction to hear the case. Taxpayer further contends that if the original applications under § 722 were not sufficient as filing documents, petitioner did, within the statutory period, file general claims for refund on Form 843 for the refund of all the excess profits taxes paid for 1944 and 1945 "to protect the taxpayer's rights to the fullest extent under its claim for relief under § 722." Taxpayer also contends if the second group of claims was, in itself, too general, they were expressly amended by the third set of claims to cover the good will issue while the question of entire liability was pending before the Court.

The Tax Court's decision is primarily based on the fact that the claims for refund filed on May 12, 1949 were the first in which petitioner alleged a right to treat the value of goodwill as part of

|  | Refunds due | Refunds allowed by Tax Court | Amounts held barred by Statute of Limitations |
|---|---|---|---|
| 1943 | 70,683.50 | 70,683.50 | none |
| 1944 | 169,813.52 | 8,759.88 | 161,053.64 |
| 1945 | 43,835.14 | 439.62 | 43,395.52 |

The Tax Court also held that the original claim for a carryover to 1944 based upon a constructive average base period net income does not entitle petitioner to a carryover based upon a recomputation of its invested capital. The Tax Court held that the claim based upon the new ground was not timely and would not be treated as an amendment of the

its invested capital for the purpose of computing its excess profits credit. These claims were filed more than three years after the returns were filed and more than two years after the contested taxes were paid. The Tax Court found that § 322(b) (1)[3] of the Code bars the amounts which were paid in 1945 and 1946.

3. "§ 322. Refunds and credits.
    \*    \*    \*    \*    \*

"(b) Limitation on allowance.
"(1) Period of limitation. Unless a claim for credit or refund is filed by the taxpayer within three years from the

time the return was filed by the taxpayer or within two years from the time the tax was paid, no credit or refund shall be allowed or made after the expiration of whichever of such periods expires the later. \* \* \*"

The basis of the decision of the Tax Court is its refusal to consider the entire proceeding for "redetermination of the tax" as a single proceeding. This was apparent when this case was here previously. In our decision we stated, 192 F.2d at page 919: "It is difficult to understand how a tax can be correctly 'redetermined' unless all factors entering into its determination are considered. A redetermination of a tax liability necessarily requires inquiry into any question properly raised which might affect that tax. Congress did not limit the Tax Court's jurisdiction to all pertinent issues raised under Sec. 722, nor did it limit it to any question passed upon by the Commissioner in ruling upon the relief claims. Congress expressly stated that all pertinent issues bearing upon the tax liability under Chapter 2E, that is, the excess profits tax laws, may be raised by the taxpayer and reviewed by the Board. We agree with Judge Opper, in writing the dissenting opinion below, that the majority opinion of the Tax Court 'disregards both express statutory direction and obvious legislative intent.'"

■ We see no necessity of quoting from Congressional Committee reports which were set out in our previous opinion. We think it is clear from the statutory provisions and legislative history that Congress established a procedure for the proper determination of the entire tax, and that such determination of the whole tax involves a single procedure which began with the timely filing of the application under § 722 and included the rejection thereof by the Commissioner and the petition to the Tax Court.

In American Standard Watch Co., Inc., v. Commissioner, 2 Cir., 229 F.2d 672, the taxpayer filed a claim for relief under § 722 in 1945. The corporation was dissolved in 1947. Rhode Island statutes provided that a dissovled corporation must institute any proceeding within three years from the date of dissolution. The Commissioner kept the section 722 claim under consideration for nine years, and rejected the claims in 1953 and 1954. Petitions were then filed with the Tax Court. The Commissioner contended that the corporation no longer existed when it filed its petition with the Tax Court and, therefore, the petition should be dismissed. The Tax Court agreed, but the Court of Appeals reversed saying, 229 F.2d at page 675: "We reject this argument. The obvious purpose of the remedial or 'equitable' provision of the Code would be frustrated by an interpretation which would thus separate the filing of a refund claim from the filing of the Tax Court petition. We regard them both as but parts of the same 'proceeding,' which began when, admittedly, each of these corporations still lived. * * *"

■ We think all pertinent issues bearing upon the tax liability under Chap. 2 Subchapter E could be raised by the taxpayer. However, this is a two-way street. Had a deficiency been found, such deficiency could have been assessed and collected. The original application suspended the Statute of Limitations and thereafter, the entire excess profits tax liability was open for determination.

On the question of the Congressional intent, we approve of the statement of Judge Opper in his dissenting opinion in the instant case: "To say in such a case that the admitted overpayment cannot be recovered although the entire controversy was pending at all times seems so completely unreasonable that I feel convinced it cannot represent the congressional intent."

Reversed and remanded for further proceedings not inconsistent with this opinion.