## MICHAEL et al. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 259.

Circuit Court of Appeals, Second Circuit.
March 7, 1932.

Frank J. Maguire, of Buffalo, N. Y. (Albrecht, Maguire & Mills, of Buffalo, N. Y., of counsel), for petitioners.

G. A. Youngquist, Asst. Atty. Gen., Morton K. Rothschild, Sp. Asst. to Atty. Gen., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and A. H. Fast and F. L. Van Haaften, Sp. Atty., Bureau of Internal Revenue, all of Washington, D. C., for respondent.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The petitioners invoked the jurisdiction of the Board of Tax Appeals on January 17, 1927, to review a determination of the Commissioner of Internal Revenue of a deficiency in income taxes for the year 1922 against the Buffalo Realty Corporation. The corporation had been completely liquidated at the time the additional tax was determined. The liability of the petitioners for the payment of the tax as transferees was asserted. No question of the jurisdiction of the Board of Tax Appeals was involved.

While the appeal was pending before the Board, and before hearing on the merits, the petitioners moved for a severance of one of the issues which raised only a question of law. This motion was granted. A hearing was had on that issue alone. An opinion was promulgated in which the conclusion was reached that: "The motion of the petitioners for a decision of no deficiency is denied. The proceedings will be restored to the calendar for a hearing upon the remaining issues." Thereupon, the petitioners brought their petition for review to this court, and the respondent moved to dismiss on the ground that, as the Board of Tax Appeals had rendered no decision which could be reviewed, the court was without jurisdiction.

Section 1003 (a) of the Revenue Act of 1926, 44 Stat. 110 (26 USCA § 1226 (a), provides that: "The Circuit Courts of Appeals and the Court of Appeals of the District of Columbia shall have exclusive jurisdiction to review the decisions of the board (except as provided in section 346 of Title 28); and the judgment of any such court shall be final, except that it shall be subject to review by the Supreme Court of the United States, upon certiorari, in the manner provided in section 347 of Title 28."

■ It will be observed that we have jurisdiction to review a decision of the Board of Tax Appeals and are not limited, in express terms, at least, to a final decision. But not every action taken by the Board is reviewable. We have power to review only its decisions and what is necessary to a decision is defined by statute. The requirements are found in section 601 (d) of the Revenue Act of 1928 (26 USCA § 1217 (d), which was taken over from section 906 (d) of the Act of 1924, as amended by section 1000 of the Act of 1926 (44 Stat. 106), and is as follows: "A decision of the Board (except a decision dismissing a proceeding for lack of jurisdiction) shall be held to be rendered upon the date that an order specifying the amount of the deficiency is entered in the records of the Board. If the Board dismisses a proceeding for reasons other than lack of jurisdiction and is unable from the record to determine the amount of the deficiency determined by the Commissioner, or if the Board dismisses a proceeding for lack of jurisdiction, an order to that effect shall be entered in the records of the Board, and the decision of the Board shall be held to be rendered upon the date of such entry."

■ Since the Board of Tax Appeals has neither entered in its records an order specifying the amount of the deficiency, nor dismissed the proceeding for lack of jurisdiction, nor entered an order to the effect that it is unable from the pleadings to determine the amount of the deficiency determined by the Commissioner, it has rendered no decision which we have jurisdiction to review.

Motion to dismiss granted.