## CECO STEEL PRODUCTS CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

### No. 13043.

Circuit Court of Appeals, Eighth Circuit.

July 23, 1945.

Edgar M. Morsman, 3d, of Omaha, Neb. (Morsman & Maxwell, of Omaha, Neb., on the brief), for petitioner.

Carlton Fox, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and J. Louis Monarch, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before GARDNER, JOHNSEN, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

On May 5, 1942, the taxpayer filed with the Tax Court a petition for a review of a deficiency determined by the Commissioner in the taxpayer's income tax and excess profits tax for the year 1940.

After the Commissioner had answered the taxpayer's petition, the Revenue Act of 1942 was enacted and approved. Section 222 of this Act amended section 722 of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Acts, with regard to procedure on claims for relief from a discriminatory excess profits tax due to abnormalities in income.

In addition to the procedure theretofore provided on claims for relief under section 722 of the Internal Revenue Code, the amendment referred to also authorized applications for relief on such claims by petition to the Tax Court in certain exceptional cases. See Pioneer Parachute Co. v. Commissioner, 4 T.C. 27. The taxpayer, conceiving that the provisions of section 722 of the Internal Revenue Code, as amended by section 222 of the Revenue Act of 1942, permitted it in the circumstances of this case to appeal directly to the Tax Court for relief, or possibly, as stated in its brief,

required it to make its application for the relief claimed both to the Commissioner and by way of a petition before the Tax Court, applied to the Tax Court for leave to amend its pending petition in that court to seek relief under section 722, and also filed with the Commissioner its application for the same relief sought in its amended petition before the Tax Court.

Leave to amend was granted as requested, and on March 3, 1943, the taxpayer filed the amendment to its petition. The Commissioner answered, denying the taxpayer's right to the relief claimed. Before any action by the Tax Court in the proceeding before it, which, as amended, asked for a review of the deficiency determined by the Commissioner in the taxpayer's income tax and excess profits tax for the year 1940, and for relief under section 722 of the Internal Revenue Code, Congress again amended section 722 of the Internal Revenue Code by omitting therefrom the provision for application to the Tax Court for general relief from excess profits tax. Public Law 201, First Session, 78th Congress, approved December 17, 1943, 57 Stat. 601, 26 U.S.C.A. Int.Rev.Acts. This amendment to section 722 was made applicable in respect to the taxable year here involved. Following the approval of the Act of December 17, 1943, the Commissioner moved to dismiss the taxpayer's amended petition insofar as it related to the application for relief under section 722 of the Code, on the ground that it was prematurely filed, the Commissioner not having acted upon the claim for the same relief pending before him, and the Tax Court, for that reason, being without jurisdiction of taxpayer's claim for relief under section 722.

The Commissioner's motion to dismiss was sustained by the Tax Court and an order entered on October 4, 1944, providing: "That the respondent's motion is granted and the proceeding is dismissed for lack of jurisdiction insofar as it relates to relief claimed under Section 722 of the Internal Revenue Code."

The taxpayer seeks a review of this order of the Tax Court, and the Commissioner moves to dismiss on the ground that the order is one not subject to review by this court, and, in the alternative, contends that the order of the Tax Court must be affirmed if it is such an order as this court has jurisdiction to review under section 1141(a) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 1141(a).

The basis for the Commissioner's motion to dismiss is that the order of the Tax Court is a mere intermediate order governing only the course of procedure before the Tax Court, and not a final or definitive determination by the Tax Court of taxpayer's right to the relief claimed. In the brief on behalf of the Commissioner it is stated that the application for relief under section 722 of the Code, which the taxpayer has presented to the Commissioner, was denied by the Commissioner on October 2, 1944, and that on October 6, 1944, taxpayer filed with the Tax Court a petition for review of the Commissioner's action in the premises. This assertion in the Commissioner's brief is not denied by the taxpayer, and, accordingly, it is accepted. We think the Commissioner's interpretation of the order of the Tax Court is correct and that the order is not effective as a definitive decision by the court of the taxpayer's right to the relief asserted in its dismissed petition, but that its effect is merely to determine the procedure under which that right may be asserted and be brought to decision by the Tax Court. In view of the opinions of the Tax Court in Uni-Term Stevedoring Co. v. Commissioner, 3 T.C. 917, and in Pioneer Parachute Co. v. Commissioner, supra, no other conclusion seems possible. In the Pioneer Parachute Co. case the Tax Court had before it the identical procedural question presented to it in this case. The court said:

"The code now discloses a congressional intention that the new system (procedure on applications for relief under § 722 of the Code provided by the Act of December 17, 1943) shall be applied universally to all claims for relief arising under section 722, so that in no case shall the question of possible relief under 722 be tried before this Court until after the Commissioner has acted adversely upon the claim. This petitioner has a claim for relief pending before the Commissioner. The latter may grant all the relief which the petitioner asks —a possibility which amply demonstrates the undesirability of the procedure which the petitioner is advocating here. The Commissioner must act upon that claim. He has no alternative. If he denies it, or if he gives less relief than the petitioner demands, it can then institute a proceeding before this Court to contest that action of the Commissioner. Therefore, in order to carry out the intention of Congress, all reference to section 722 will be stricken from this petition."

In the present case all that has been done by the Tax Court in the order which we are asked to review is to require the taxpayer, in accordance with the court's interpretation of section 722, as amended by the Act of December 17, 1943, to submit its claim for relief under section 722 of the Internal Revenue Code to the Commissioner for his action before making application to the Tax Court, leaving available to petitioner the right to contest 'the action of the Commissioner before the Tax Court. The taxpayer's petition to review the Commissioner's action is still pending before the Tax Court. The order of the Tax Court is not one reviewable by this court. 9 Mertens Law of Federal Taxation, § 51.18; McCarthy v. Commissioner, 7 Cir., 139 F.2d 20, 22; Michael v. Commissioner, 2 Cir., 56 F.2d 825; Oviatt's v. Commissioner, 9 Cir., 128 F.2d 352; Sisto Financial Corporation v. Commissioner, 2 Cir., 149 F.2d 268, 269. Conceding, but not deciding, that the Tax Court had jurisdiction of the taxpayer's amended petition at the time it was filed, we can not say that there was any abuse of discretion in requiring the taxpayer, in the interest of a uniform administration of the Revenue Act, to resort to the procedure open to it under section 722 of the Internal Revenue Code, as amended by the Act of December 17, 1943.

The petition to review is dismissed.