Joseph P. KIKER, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

Joseph P. KIKER, Sr. and Elizabeth Kiker, his wife, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

Nos. 6867, 6868.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 12, 1954.

Decided Jan. 5, 1955.

Wilfred T. McQuaid, Baltimore, Md. (Philip Golomb, Baltimore, Md., on brief), for petitioners.

Alonzo W. Watson, Jr., Sp. Asst. to Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and Hilbert P. Zarky, Sp. Assts. to the Atty. Gen., on brief), for respondent.

Before SOPER and DOBIE, Circuit Judges, and THOMSEN, District Judge.

THOMSEN, District Judge.

These petitions to review orders of the Tax Court raise the following questions: (1) whether two of the orders sought to be reviewed are reviewable decisions within the meaning of Section 1141 of the Internal Revenue Code, Title 26, U. S.C.A. § 1141; (2) whether a deficiency notice mailed to Joseph Kiker and Elizabeth Kiker, his wife, on November 18, 1953, is invalid as a "further deficiency letter" under Section 272(f), I. R.C., 26 U.S.C.A. § 272(f); and (3) whether the petition of Mr. and Mrs. Kiker for redetermination of the claimed deficiency was filed in the Tax Court within 90 days after mailing of the notice, as required by Section 272(a).

Joseph Kiker filed with the Collector at Baltimore, Md., individual income tax returns for the tax years 1939 through 1947. They were not joint returns, and Elizabeth Kiker, his wife did not file any separate returns.

On July 30, 1952, the Commissioner sent Joseph Kiker a statutory notice of deficiency for those tax years, 1939–1947, claiming income tax deficiencies, delinquency penalties and 50% fraud penalties.

On October 21, 1952, Joseph Kiker filed a timely petition with the Tax Court requesting a redetermination of the alleged deficiencies. That case was No. 44,967 in the Tax Court, and after certain mesne proceedings, became at issue on April 17, 1953.

On November 18, 1953, the Commissioner sent to Joseph Kiker and Elizabeth Kiker, his wife, by registered mail, a statutory notice of deficiency covering the years 1939 through 1947, the same years for which the original notice of deficiency had been sent to Joseph Kiker alone. The deficiencies and penalties set out in the second notice were substantially the same as those set out in the first notice, except that they were charged against both Mr. and Mrs. Kiker rather than against Joseph Kiker alone.

Mr. and Mrs. Kiker attempted to contest the alleged deficiency set out in the notice addressed to them jointly, by filing with the Tax Court a petition for redetermination, alleging that the returns were not joint returns, that there was no tax liability due or owing by Elizabeth Kiker, that there were no deficiencies due by Mr. and Mrs. Kiker for the years in question, and that the Commissioner erred in assessing a 50% fraud penalty.

That petition was mailed in Baltimore; a postmark on the envelope shows that the petition was received at the Baltimore Post Office at 8:00 P.M. on February 15, 1954. It was addressed to The Tax Court of the United States, Washington, 25, D. C., whereas the deficiency notice had given the principal address of the Tax Court as Washington

4, D. C. The envelope was sent by ordinary mail, and there was nothing on the envelope to indicate the time of its receipt by the Post Office in Washington, D. C. A time stamp indicates that it was received by the Tax Court at 7:36 A.M. on February 17, 1954, and the docket entry made in the office of the Clerk of the Tax Court shows that the petition was filed on that date and was assigned No. 52,000. February 17, 1954, was the ninety-first day after the notice of deficiency was mailed to Mr. and Mrs. Kiker.

On March 10, 1954, the Commissioner moved to dismiss case No. 52,000 (petition of Mr. and Mrs. Kiker) on the ground that the petition was filed one day too late and that the Tax Court, therefore, lacked jurisdiction.

A hearing was held on March 17, 1954, at which time the only evidence presented was (1) a photostatic copy of the mailing list, showing that the notice of deficiency was mailed to Mr. and Mrs. Kiker on November 18, 1953, (2) the envelope containing the petition for redetermination, which bore the Baltimore postmark and the time stamp showing receipt by the Tax Court at 7:36 A.M. on February 17, 1954, and (3) the docket entry. Judge Kern made the following statement:

"As I understand the course of the mail when it is received in Washington, it goes first to the main station and then I think it is routed to the Benjamin Franklin Station, which is the branch station Post Office located at the southwest corner of Pennsylvania Avenue and 12th Street, and there it is picked up by—well, there it is put in a box which is maintained by the Court and is picked up by the Court's messenger."

There was no evidence tending to show the usual time required for properly addressed mail from Baltimore to be delivered in Washington, nor the delay which would ordinarily be caused by using the wrong zone number in the address on the envelope.

On March 26, 1954, an order was entered by the Tax Court granting the Commissioner's motion to dismiss case No. 52,000 for want of jurisdiction.

Thereafter, on April 2, 1954, motions were filed by Joseph Kiker alone in case No. 44,967 and in case No. 52,000 to declare invalid the deficiency notice mailed to Mr. and Mrs. Kiker on November 18, 1953, on the ground that it was a "further deficiency letter" and, therefore, invalid under Sec. 272(f), I.R.C.

On April 12, 1954, Mr. and Mrs. Kiker filed a motion in case No. 52,000 to reconsider and revise the order of March 26, 1954, granting the Commissioner's motion to dismiss.

On April 14, 1954, Judge Kern made three rulings: (1) in case No. 44,967, he denied the motion filed by Joseph Kiker to declare invalid the deficiency notice of November 18, 1953; (2) in case No. 52,000, he denied the similar motion filed by Mr. Kiker; and (3) in case No. 52,000 he denied the motion of Mr. and Mrs. Kiker to reconsider and revise the order of March 26, 1954.

On the same day, April 14, 1954, the Commissioner and Joseph Kiker entered into a stipulation, which was filed in his case, No. 44,967. Pursuant to that stipulation, on April 16, 1954, a formal decision of the Tax Court was entered by Judge Kern in case No. 44,967, ordering and deciding that there were no deficiencies in income tax or penalties due by Joseph Kiker for the taxable years 1939 to 1941, inclusive, but that there were stated deficiencies in income tax and penalties for the taxable years 1942 to 1947, inclusive.

Joseph Kiker's petition for review (No. 6867 in this court) seeks a review of the order of the Tax Court entered April 14, 1954, in case No. 44,967, denying his motion to declare invalid the deficiency notice of November 18, 1953, addressed to Mr. and Mrs. Kiker jointly.

Mr. and Mrs. Kiker have filed a petition for review (No. 6868 in this court) seeking review of the order of the Tax Court entered March 26, 1954, granting Commissioner's motion to dismiss for lack of jurisdiction their petition for redetermination of the deficiencies set out in the deficiency notice of November 18, 1953 (case No. 52,000). Joseph Kiker alone has also filed a petition for review, included in No. 6868, seeking review of the order of the Tax Court dated April 14, 1954, in case No. 52,000, denying his motion filed in that case to declare invalid the deficiency notice of November 18, 1953, addressed to Mr. and Mrs. Kiker.

The Commissioner has moved this court to dismiss for lack of jurisdiction the two petitions for review filed by Joseph Kiker alone.

### No. 6867

■ The petition of Joseph Kiker to review the order of the Tax Court entered April 14, 1954, in case No. 44,967, denying his motion to declare invalid the deficiency notice of November 18, 1953, must be dismissed. That order was neither a decision redetermining the tax nor a decision dismissing the proceedings for lack of jurisdiction. It was an interlocutory order, not reviewable under the applicable statute. Sec. 1141(a), I.R.C., Title 26, U.S.C.A. See also Sections 272 and 1117, 26 U.S.C.A. §§ 272, 1117. All orders of the Tax Court are not reviewable. Ceco Steel Products Corp. v. Commissioner of Internal Revenue, 8 Cir., 150 F.2d 698; Oviatt's v. Commissioner of Internal Revenue, 9 Cir., 128 F.2d 352; Michael v. Commissioner of Internal Revenue, 2 Cir., 56 F.2d 825. The decision of April 16, 1954, redetermining the tax, was the reviewable decision in case No. 44,-967, but it was entered pursuant to a stipulation between the parties, and Joseph Kiker has filed no petition to review that decision.

### No. 6868

A. We will consider first the petition of Mr. and Mrs. Kiker to review the order of the Tax Court dated March 26, 1954, which granted Commissioner's motion to dismiss case No. 52,000 for lack of jurisdiction.

■ The deficiency notice was mailed on November 18, 1953. The petition for redetermination was mailed in Baltimore on the evening of February 15, 1954, the eighty-ninth day. It was not properly addressed, in that the wrong zone number in Washington was included in the address. There is no evidence that it was received by the Tax Court before 7:36 A.M. on February 17, 1954, the ninety-first day. Since the address was not proper, there is no presumption that it was delivered in the ordinary course of the mails. Indeed, there is no evidence that in the ordinary course of the mails it would have been delivered to the Tax Court on February 16, 1954, if it had been properly addressed, although we might take judicial notice of that fact.

■■ Delivery to the Tax Court on the ninety-first day was too late under the statute then in force. Sec. 272(a), I.R.C., 26 U.S.C.A., as amended by Sec. 203 of the Act of December 29, 1945, c. 652, 59 Stat. 673. The Code has since been amended to make the date of mailing a properly addressed petition the controlling date. Sec. 7502, Internal Revenue Code of 1954, 68 A Stat. 895, 26 U.S.C.A. But this case is governed by the old law.

■ The fact that the address was improper distinguishes this case from Arkansas Motor Coaches, Ltd., Inc. v. Commissioner of Internal Revenue, 8 Cir., 198 F.2d 189; Central Paper Co. v. Commissioner of Internal Revenue, 6 Cir., 199 F.2d 902 and Detroit Automotive Products Corp. v. Commissioner of Internal Revenue, 6 Cir., 203 F.2d 785, relied upon by petitioners. In the Arkansas Motor Coaches case, the court cited Arlington Corp. v. Commissioner of Internal Revenue, 5 Cir., 183 F.2d 448, 450. In that case the Commissioner had mailed a notice of deficiency under the provisions of Section 272(a) (1)

to a misnamed corporate officer at his home address. The Tax Court dismissed taxpayer's petition as untimely. In reversing this holding the Fifth Circuit, among other things, said:

" * * * we hold that the agents of the Commissioner were negligent in failing to ascertain by a reasonable effort the correct and 'last known address' of petitioner, and that their improper addressing of the deficiency notice caused a delay in its delivery of at least one day which should be credited to petitioner so as to give the Tax Court jurisdiction over its petition." 183 F.2d at page 451.

Not only does the improper address in our case prevent the rising of the presumption of prompt delivery referred to in the Arkansas, Central and Detroit cases, supra, but there is no evidence in our case similar to the evidence in those cases, to rebut the presumption of correctness of the records of the Tax Court.

The decision of the Tax Court dated March 26, 1954, dismissing case No. 52,-000 for lack of jurisdiction, must be affirmed.

B. The Commissioner has moved to dismiss, as not reviewable under Sec. 1141, I.R.C., the petition of Joseph Kiker alone to review the order of the Tax Court dated April 14, 1954, in case No. 52,000, denying his motion to declare invalid the deficiency notice of November 18, 1953.

There is some doubt whether the Tax Court denied that motion because of lack of jurisdiction or because the court found that the deficiency notice was valid. The Commissioner was opposing the motion on the ground that the Tax Court had no jurisdiction to decide the validity of the notice, because the petition for redetermination had been filed on the ninety-first day, and the case had already been dismissed. It appears, therefore, that the motion to declare the second deficiency notice invalid was probably denied because of lack of jurisdiction.

■ In our opinion the order of April 14, 1954, in case No. 52,000, denying Joseph Kiker's motion to declare the second deficiency order invalid, is not a reviewable order under Sec. 1141, I.R.C., discussed above.

■ But even if we found that order to be reviewable, we would affirm it for the following reasons:

(1) The Tax Court lacked jurisdiction to grant the motion. It had already held that it lacked jurisdiction of the case, and it refused a motion to reconsider that decision at the same time that it denied the motion to declare the second deficiency notice invalid.

(2) The deficiency notice of November 18, 1953, was not invalid under Section 272(f), I.R.C. That section specifically permits the determination of additional deficiencies "in the case of fraud". In this case fraud penalties were charged in both of the notices, and stipulated to be due by Joseph Kiker. Moreover, the notice of November 18, 1953, was addressed to both Mr. and Mrs. Kiker, whereas the original notice had been addressed to Joseph Kiker alone.

No. 6867—The motion to dismiss the petition for review is granted.

No. 6868—The motion to dismiss the petition to review the order of April 14, 1954, is granted. The decision of the Tax Court dated March 26, 1954, is

Affirmed.