Jacob **LICHTER** et al., individually and as partners d/b/a Southern Fireproofing Co., Petitioners,

v.

**UNITED STATES** of America and Secretary of the Army, Respondents.

No. 11925.

United States Court of Appeals, District of Columbia Circuit.

Argued May 12, 1954.

Decided March 24, 1955.

Mr. Paul W. Steer, Cincinnati, Ohio, for petitioners.

Messrs. Melvin Richter, Atty., Dept. of Justice, of the bar of the Supreme Judicial Court of Massachusetts, pro hac vice, by special leave of Court, and James H. Prentice, Atty., Dept. of Justice, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, with whom Mr. Paul A. Sweeney, Atty., Dept. of Justice, was on the brief, for respondents. Messrs. Edward H. Hickey and Frederick N. Curley, Attys., Dept. of Justice, also entered appearances for respondents.

Before WILBUR K. MILLER, BAZELON and FAHY, Circuit Judges.

PER CURIAM.

After this case was heard by our court it remained undecided until now because of the pendency of United States v. California Eastern Line, Inc., 348 U.S. 351, 75 S.Ct. 419, which we anticipated would clarify the scope of our jurisdiction to review decisions of the Tax Court of the United States in renegotiation cases. The Supreme Court has now held in the above case that a decision of the Tax Court that a particular contract was not renegotiable is not within the exclusive jurisdiction of the Tax Court "by order, to finally determine the amount, if any, of such excessive profits", which "shall not be reviewed or redetermined by any court or agency." [1] The Court held such a decision falls within the broad grant of jurisdiction to Courts of Appeals, contained in § 1141 of the Internal Revenue Code, "to review the decisions of the Tax Court".[2]

In the instant case no dispute is before us as to the amount of excessive profits, assuming the contract out of which the profits arose was renegotiable, as the Tax Court held. Petitioners, contending to the contrary, say the contract was exempt from renegotiation by § 403 (i) (1) (F) of the Renegotiation Act of 1943,[3] and § 701(d) of the Revenue Act of 1943.[4] As we interpret United States v. California Eastern Line, Inc., supra, the order of the Tax Court resolving the controversy over the renegotiable status

1. § 403(e) (1) of the Renegotiation Act, 56 Stat. 245, as amended, 58 Stat. 86, 50 U.S.C.A.Appendix, § 1191(e) (1).

2. 53 Stat. 164, as amended, 26 U.S.C. § 1141(a) (1952). See, also, § 7482 of the Internal Revenue Code of 1954, 68A Stat. 890.

3. 58 Stat. 78, 88, as amended, 50 U.S.C.A. Appendix, § 1191(i) (1) (F), enacted as § 701(b) of the Revenue Act of 1943, 58 Stat. 21 et seq.

4. 58 Stat. 21, 92, 50 U.S.C.A.Appendix, § 1191 note.

of the contract is within our review jurisdiction under § 1141.

On the merits of that controversy, however, we affirm for the reasons set forth in the decision of the Tax Court, Lichter v. United States, 20 T.C. 461.

Affirmed.