221 F.2d 870
 95 U.S.App.D.C. 314, 9 P.U.R.3d 430
 GREENVILLE TELEVISION COMPANY, Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee.
Spartan Radiocasting Company, Intervenor.
Wilton E. HALL, Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee.
Spartan Radiocasting Company, Intervenor.
 Nos. 12284, 12356.
 United States Court of Appeals, District of Columbia Circuit.
 Argued Jan. 31, 1955.
Decided March 24, 1955.
 
 Mr. Ben C. Fisher, Washington, D.C., for appellant Greenville television co.
 Mr. Benedict P. Cottone, Washington, D.C., with whom Messrs. Arthur Scheiner, New York City, and Scott W. Lucas, Springfield, Ill., were on the brief, for appellant Hall.
 Mr. J. Smith Henley, Asst. General Counsel, Federal Communications Commission, with whom Messrs. Warren E. Baker, General Counsel, Federal Communications Commission, and Daniel R. Ohlbaum, Counsel, Federal Communications Commission, were on the brief, for appellee in both cases. Mr. Stanley, s. Neustadt, Counsel, Federal Communications Commission, entered an appearance for appellee in No. 12284.
 [95 U.S.App.D.C. 315] Mr. William J. Dempsey, Washington, D.C., with whom Messrs. William C. Koplovitz and Harry J. Ockershausen, Washington, D.C., were on the brief, for intervenor in both cases.
 Before EDGERTON, BAZELON, and FAHY, Circuit Judges.
 EDGERTON, Circuit Judge.
 
 
 1
 Greenville Television Company (Greenville) and Wilton, e, Hall appeal from orders of the Federal Communications Commission (1) granting the application of intervenor Spartan Radiocasting Company (Spartan) for modification of a construction permit and (2) denying appellants' protests against that order.
 
 
 2
 Greenville has a television broadcast station at Greenville, and Hall at Anderson, in South Carolina. In November 1953 the Commission granted Spartan a construction permit for a new television station at Spartanburg, South Carolina. The transmitter was to be on Hogback Mountain, about 25 miles northwest of Spartanburg. Neither Greenville nor Hall opposed or protested this grant.
 
 
 3
 In January 1954 Spartan applied for permission to operate 'on an interim basis * * * pending construction of the facilities authorized by the construction permit', with a transmitter on Paris Mountain instead of Hogback Mountain. The new site is considerably nearer appellants' stations than the old. Over appellants' opposition, the Commission granted Spartan the temporary authority it asked. Both appellants filed protests under § 309(c) of the Communications Act, which provides that 'when any instrument of authorization is granted by the Commission without a hearing as provided in subsection (a) hereof, such grant shall remain subject to protest as hereinafter provided for a period of thirty days. During such thirty day period any party in interest may file a protest under oath directed to such grant and request a hearing on said application so granted. Any protest so filed shall contain such allegations of fact as will show the protestant to be a party in interest and shall specify with particularity the facts, matters, and things relied upon, but shall not include issues or allegations phrased generally. The Commission shall, within thirty days from the date of the filing of such protest, enter findings as to whether such protest meets the foregoing requirements and if it so finds the application involved shall be set for hearing upon the issues set forth in said protest, together with such further specific issues, if any, as may be prescribed by the Commission.' 66 Stat. 715, 47 U.S.C. § 309(c).[1] In March 1954 the Commission denied appellants' protests.
 
 
 4
 In April 1954 Spartan applied for cancellation of its temporary authority and for permanent modification of its construction permit, with the same change in transmitter site as under its temporary authority but with different facilities. Over the opposition of appellants Greenville and Hall, the Commission granted the modification. Appellants filed protests. The Commission denied the protests, without a hearing, on the ground that they did not contain allegations of fact showing appellants to be 'parties in interest' to the grant of Spartan's modification. The Commission found that the protests made no showing that any economic injury would result from the modification which would not have resulted from the original, and unprotested, construction permit. We need not decide whether the Commission was right in requiring such a showing,[2] for we think the appellants made such showings.
 
 
 5
 The protests allege that the change of Spartan's transmitter site aggravated the competitive situation by (1) increasing Spartan's signal strength in Anderson and Greenville and (2) enabling Spartan to affiliate with the Columbia Broadcasting System.[3] Hall, whose station was affiliated with CBS under an [95 U.S.App.D.C. 316] agreement terminable by CBS on six months' notice, alleged possible loss of this affiliation, as well as actual and expected loss of advertising revenue, as economic injury due to Spartan's acquisition of a CBS affiliation. Greenville alleged it would lose advertising revenue as a result of Spartan's increased popularity because of its CBS affiliation. The Commission thought an increase in Spartan's already adequate signal strength could not increase the economic injury caused by Spartan's competition. However that may be, we think the statements in appellants' protests regarding Spartan's acquisition of a CBS affiliation met the requirements of § 309(c).
 
 
 6
 Spartan did not deny to the Commission that the change of transmitter site enabled it to get the CBS affiliation. The Commission found that, even if so, injury caused by this affiliation was not caused by the change of transmitter site, so as to make appellants parties in interest under § 309(c), because the affiliation was not ordered by the Commission but resulted from private negotiation. However, the economic injury that gives standing, under Federal Communications Commission v. Sanders Bros. Radio Station, 309 U.S. 470, 60 S.Ct. 693, 84 L.Ed. 869, 1037, to oppose Commission action, is seldom if ever a direct result of Commission action. Even the grant of a new station license does not automatically take advertising revenue away from existing licensees, but only creates a situation in which the new licensee may be able to get the revenue by private negotiation, yet existing licensees are 'adversely affected' and 'parties in interest'.
 
 
 7
 We therefore remand the cases to the Commission for hearing under § 309(c) 'upon the issues set forth' in the protests and 'such further specific issues, if any, as may be prescribed by the Commission.' We do not review the grant to Spartan, since the Commission will of course reconsider the grant in the light of the record as supplemented at the hearing. Camden Radio, Inc. v. Federal Communications Commission, supra.
 
 
 8
 Remanded.
 
 
 
 [1]
 Sections 309(a) and 308(a) make this provision applicable to modifications of construction permits
 
 
 [2]
 Cf. Camden Radio, Inc., v. Federal Communications Commission, U.S.App.D.C. , 220 F.2d 191
 
 
 [3]
 Appellants say Spartan's service area from Hogback Mountain would substantially overlap with that of a Charlotte, North Carolina, CBS affiliate