Joseph C. and Marion R. HANDSHOE, Husband and Wife, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 7560.

United States Court of Appeals Fourth Circuit.

Argued Jan. 21, 1958.

Decided Feb. 12, 1958.

Joseph C. Handshoe, pro se.

James P. Turner, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and I. Henry Kutz, Attys., Dept. of Justice, Washington, D. C. on brief), for respondent.

Before PARKER, Chief Judge, and SOBELOFF and HAYNSWORTH, Circuit Judges.

PER CURIAM.

This is a petition to review an order denying permission to withdraw a petition filed with the Tax Court. Petitioners had instituted in the United States District Court for the District of Maryland an action for the recovery of an alleged overpayment of income taxes for the year 1954. Thereafter the Commissioner of Internal Revenue made deficiency assessments of income taxes against petitioners for the years 1954 and 1955 and issued a 90 day letter relating to the assessments for both years. Petitioners, who were acting for themselves without the benefit of counsel, filed with the Tax Court a petition for a redetermination of the deficiency assessments for both years as set forth in the 90 day letter. The Commissioner thereupon moved to dismiss the action pending in the District Court because of the filing of the petition with the Tax Court.

The District Judge, however, did not dismiss the action but held further proceedings in abeyance pending further action in the Tax Court. Petitioners then moved in the Tax Court that they be permitted to withdraw their petition with respect to taxes for the year 1954 so as to permit the case in the District Court to go forward, but the Tax Court denied this motion and the petition before us seeks review of its denial. The Commissioner has moved to dismiss the petition on the ground that the order sought to be reviewed is a mere interlocutory order and not a final decision of the Tax Court subject to review by this court.

We think it clear that the government's motion to dismiss the petition for review of the Tax Court's order must be granted for lack of jurisdiction, in as much as that order is merely interlocutory. Kiker v. Com'r, 4 Cir., 218 F.2d 389, 392; Commissioner v. Smith Paper, Inc., 1 Cir., 222 F.2d 126. The dismissal, however, will be without prejudice to the right of petitioners to renew their motion in the Tax Court, if they see fit to do so, and without prejudice to the power of the Tax Court to grant the motion, if renewed. The denial of the motion by the Tax Court was evidently based upon the belief that petitioners would be without remedy if their motion were allowed. We do not think, however,[1] that this would necessarily result. The action in the District Court was filed before the petition to the Tax Court and was still pending. If petitioners had been allowed to withdraw their petition to the Tax Court in so far as it related to the year 1954, on the ground that through inadvertence and ignorance of the law it had been filed with relation to that year, we see no reason why the Tax Court would be required to proceed under the statute as upon a dismissal nor why the jurisdiction of the District Court with respect to the matter should be held to have been lost. Certainly neither result should follow, if the order allowing withdrawal were to provide that it was entered without prejudice to the right of

[1.] See 26 U.S.C. § 7439(d) and 26 U.S.C. § 7422(e).

petitioner to proceed in the action pending in the District Court. Courts should not hold themselves powerless to relieve against the results of ignorance and inadvertence in matters of procedure.

Petition dismissed.