**LOUISVILLE BUILDERS SUPPLY COMPANY, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 14593.**

United States Court of Appeals
Sixth Circuit.

Sept. 7, 1961.

Charles F. Wood, Louisville, Ky., Bernard H. Barnett, L. L. Leatherman, Greenebaum, Barnett, Wood & Doll, Louisville, Ky., for petitioner.

Michael I. Smith, Dept. of Justice, John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson, Edward L. Rogers, Attorneys, Tax Division, Department of Justice, Washington, D. C., for respondent.

Before CECIL, WEICK and O'SULLIVAN, Circuit Judges.

O'SULLIVAN, Circuit Judge.

Petitioner, Louisville Builders Supply Company, a corporation of Louisville, Kentucky, (sometimes referred to herein as Louisville) seeks reversal of an Order of the Tax Court of the United States entered on April 20, 1961, granting an application of respondent, Commissioner of Internal Revenue, for an Order to take a deposition to perpetuate the testimony of one Fred von Siebenthal.[1] The application avers that tax returns of Louisville Builders Supply Company for the years 1951–1958 have been under examination by the Commissioner, resulting in a tentative determination of deficiencies and additions to tax in the amount of $427,575.67; that taxpayer and the Commissioner disagree as to various items; that further time will be required in an attempt to resolve various items; that it is unlikely that the disputed items will be resolved; and that litigation will undoubtedly result. The application avers that Fred von Siebenthal was, during the period of time in question, a Director of taxpayer corporation and has personal knowledge concerning various matters relevant to the review of the tax returns in question; that von Siebenthal is presently afflicted with cancer and has advised the Commissioner that he will live only a short time.

The application (as amended) avers in paragraphs 5, 6 and 7:

"5. One of the transactions concerning which the Commissioner and the taxpayer presently are not in agreement involves a so-called 'employment contract' executed by the taxpayer and Fred von Siebenthal. In dispute is the question whether the so-called 'employment contract' was in fact an employment contract or a sale of part of Mr. von Siebenthal's stockholdings in the company.

"6. Parol evidence concerning the terms of said contract, the circumstances surrounding its execution, and the action of the parties to the contract in performance thereof will be material, relevant, and necessary if the tax consequences of said 'employment contract' and payments made thereunder by Louisville Builders Supply Company to Mr. von Siebenthal are properly resolved.

"7. Another question in dispute is the treatment of expenditures made by the taxpayer for the remodeling of a residence owned by Mr. C. L. Owens, president and major stockholder of taxpayer. The taxpayer contends that Mr. Owens agreed to purchase the property as agent of the taxpayer and that the Board of Directors informally approved of said purchase as agent. At the time of the purported 'informal approval,' Mr. von Siebenthal was a director of Louisville Builders Supply Company and he has personal knowledge concerning this matter."

A prior application to take the mentioned deposition, filed on January 23, was denied by the Tax Court, and an amended application was filed on April 6, 1961.

No notice of deficiency has ever been served on taxpayer, nor has there been any petition by the taxpayer for redetermination of tax filed with the Tax Court. A proceeding was docketed on what the Tax Court refers to as its Special Docket, entitled Louisville Builders Supply Com-

---

1. While the deposition sought is described only as one to perpetuate testimony, we construe it also as a deposition for discovery.

pany, Petitioner, v. Commissioner of Internal Revenue, Respondent. This was done for the sole purpose of hearing the Commissioner's application to take the deposition of von Siebenthal. Louisville Builders Supply Company filed written objections to the granting of the Order applied for on various grounds, including the following:

"(1) The Commissioner * * * failed to state in the application filed * * * (i) the facts which he desires to establish by the proposed testimony (ii) the substance of the testimony which he expects to elicit from the witness, Fred von Siebenthal, and (iii) the materiality of the evidence sought to be obtained. * * *

"(4) The Tax Court does not have the jurisdiction to grant the application to take the deposition requested because there is no petition before this court to determine the validity of any assessments made by the Commissioner of Internal Revenue against Louisville Builders Supply Company."

The amended application was granted by the Tax Court and on April 20, 1961, Petition for Review by this Court followed. The Commissioner has made a motion to dismiss the petition for review, asserting that the order granting his application to take the deposition of von Siebenthal is not a "decision of the Tax Court" subject to our review as provided in Section 7482(a) of the Internal Revenue Code of 1954 (Title 26 U.S.C.A. § 7482(a)). He likewise contends that the entry of the challenged order was proper and within the power of the Tax Court. Petitioner taxpayer attacks the validity of the order for deposition upon the grounds detailed in its written objections filed in the Tax Court.

We have set out above the exact language of the Commissioner's amended application so as to disclose the true nature of the deposition which the Commissioner proposes to take. We construe it to be an application for leave to take a deposition for discovery. A fair reading of it demonstrates that while he seeks to perpetuate testimony, he likewise is seeking to employ the procedural aid of pre-trial discovery. His application, other than giving a description of the subject matter of his proposed inquiry, does not set out the facts which he desires to establish by the witness von Siebenthal, nor the substance of the testimony which he expects to elicit from him. (Such would be required if Rule 27 of the Federal Rules of Civil Procedure, 28 U.S.C.A., were available and employed by the Commissioner for the purpose of perpetuating testimony.) Absent some statement of what the witness is expected to say, it cannot be determined whether his testimony will be material and relevant. Whatever the form of procedure used, one seeking to perpetuate testimony must, by his application for leave to do so, demonstrate that the testimony sought "will be material in the determination of the matter in controversy; that the testimony will be competent evidence;" State of Arizona v. State of California, 292 U.S. 341, 348, 54 S.Ct. 735, 737, 78 L.Ed. 1298, 1301. Whether legally sufficient for either purpose, the application involved seeks leave to take a deposition which will both discover and perpetuate testimony.

Accordingly, the matters for decision here are, first, whether the order of the Tax Court is a "decision" of that court subject to review here under the authority of Section 7482(a), I.R.C.1954 (26 U.S.C.A. § 7482(a) ) and, second, whether it was within the jurisdiction or authority of the Tax Court of the United States to order the taking of the deposition in question.

■ 1) *Motion to Dismiss Petition for Review:* The statute authorizing this court to review decisions of the Tax Court of the United States is Section 7482(a), Internal Revenue Code 1954 (26 U.S.C.A. § 7482(a) ) and, in pertinent part, reads as follows:

"(a) Jurisdiction—The United States Courts of Appeals shall have exclusive jurisdiction to review the decisions of the Tax Court, * * *

in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury * * *."

The Commissioner here asserts that the order granting leave to take von Sicbenthal's deposition is not a decision of the Tax Court. He argues that specific definition of "decisions of the Tax Court" is set forth in Section 7459(c), I.R.C.1954 (26 U.S.C.A. § 7459(c)), and that such definition does not comprehend the order sought to be reviewed on this appeal. The general title of that Section is *"Reports and decisions;"* its subsection (c) entitled *"Date of decision"* contains the language which the Commissioner asserts sets strict and confining limits to the general language "decisions of the Tax Court" contained in Section 7482(a). Section 7459(c) reads:

"(c) Date of decision—A decision of the Tax Court (except a decision dismissing a proceeding for lack of jurisdiction) shall be held to be rendered upon the date that an order specifying the amount of the deficiency is entered in the records of the Tax Court. If the Tax Court dismisses a proceeding for reasons other than lack of jurisdiction and is unable from the record to determine the amount of the deficiency determined by the Secretary or his delegate, or if the Tax Court dismisses a proceeding for lack of jurisdiction, an order to that effect shall be entered in the records of the Tax Court, and the decision of the Tax Court shall be held to be rendered upon the date of such entry."

His argument is that unless a decision of the Tax Court can be found to fit into the language of the above quoted section, it is not a "decision of the Tax Court;" that only where the Tax Court specifies an amount of deficiency or dismisses a petition for lack of jurisdiction or for other reasons, can its order be reviewed. Respondent's brief to this court says that by such subsection, "Congress * * * saw fit to define in precise terms just what constitutes a reviewable Tax Court decision." We disagree. If Congress intended to make such a limiting definition of the words, "decisions of the Tax Court" it could have done so in precise language. We are not persuaded that Congress left such an intent to be inferred from the language of a subsection of the statute which had for its only purpose the fixing of the date to be applied to certain types of decisions.

The following decisions are relied upon to support Commissioner's motion to dismiss Louisville's petition for review. Michael v. Commissioner, 2 Cir., 1932, 56 F.2d 825; Commissioner of Internal Revenue v. Smith Paper, Inc., 1 Cir., 1955, 222 F.2d 126; Commissioner of Internal Revenue v. S. Frieder & Sons Co., 3 Cir., 1955, 228 F.2d 478; Kiker v. Commissioner, 4 Cir., 1955, 218 F.2d 389–392; Handshoe v. Commissioner, 4 Cir., 1958, 252 F.2d 328; Commissioner of Internal Revenue v. Blue Diamond Coal Co., 6 Cir., 1956, 230 F.2d 312; Commissioner of Internal Revenue v. Seminole Mfg. Co., 5 Cir., 1956, 233 F.2d 395; Ceco Steel Products Corp. v. Commissioner, 8 Cir., 1945, 150 F.2d 698.

Preliminarily, we observe that none of such authorities had anything to do with a decision of the Tax Court ordering the taking of a deposition to discover and perpetuate testimony, nor with an order entered by the Tax Court in a so-called Special Proceeding initiated for the sole purpose of obtaining such order. Such is the order before us. All of the cited decisions related to orders entered by the Tax Court in the course of a plenary consideration of the assessment of a tax deficiency, generally an order of interlocutory character. The order involved here is not of that character.

It is true that in three of the cited cases (Michael v. Commissioner, 56 F.2d 825; Commissioner of Internal Revenue v. Smith Paper, Inc., 222 F.2d 126; and Commissioner of Internal Revenue v. S. Frieder & Sons Co., 228 F.2d 478) will be found language supportive of the Commissioner's contention that Section 7459(c) delimits what decisions of the Tax Court may be reviewed. In Michael

v. Commissioner, the order in question was on a ruling which granted a motion for severance and decision upon one of several issues involved in a regularly docketed proceeding. Denying the ruling sought for on the severed issue, the Tax Court ordered, "The proceedings will be restored to the calendar for a hearing upon the remaining issues" (56 F.2d at page 826). The Second Circuit held that the decision on the severed issue was not reviewable. The opinion said nothing as to whether the question of law involved in the severed issue might be considered on review after the entire proceeding was finally determined in the Tax Court. In Commissioner of Internal Revenue v. Smith Paper, Inc., the First Circuit, 222 F.2d at page 130, described the order denied review as "in substance no more than an *interlocutory procedural order* striking an amendment to the Commissioner's answer." In Commissioner of Internal Revenue v. S. Frieder & Sons Co., [228 F.2d 480] Judge Hastie expressed his feeling that "normally at least" only decisions coming within the language of Section 7459(c) would be reviewed by the Courts of Appeals. He held, however, that the particular order under consideration was reviewable, saying "The fact that the questioned ruling has disposed of the only appealable subject matter in the Tax Court makes a conclusion of appealability all the more reasonable here." 228 F.2d at page 482.

Other cases relied upon by the Commissioner may be distinguished as follows: In Ceco Steel Products Corp. v. Commissioner, 150 F.2d 698, 699, the Eighth Circuit agreed with Commissioner's contention that the order sought to be reviewed was "a mere intermediate order governing only the course of procedure before the Tax Court * * *." In Kiker v. Commissioner, 218 F.2d 389, 392, an order was denied review as "an interlocutory order." In Handshoe v. Commissioner, 252 F.2d 328, 329, the Fourth Circuit denied review of a Tax Court order, describing the order as "merely interlocutory." In Lasky v.

Commissioner, 9 Cir., 235 F.2d 97, the Tax Court had entertained a motion to vacate its own order, such motion being made after the time for filing a petition for review had expired. After entertaining the motion to vacate, and hearing additional evidence, it adhered to its original decision. On petition for review by the taxpayer, the Court of Appeals held that the Tax Court had no jurisdiction to have entertained the motion to vacate its original decision, and took occasion, also, to say that the Court of Appeals had no jurisdiction to consider a petition for review of the second decision of the Tax Court.

The above cases, therefore, do not, in our opinion, support the Commissioner's motion to dismiss the appeal before us. Neither do we find precise precedent to support Louisville's resistance of the Commissioner's motion. We are of the opinion, however, that the words "decisions of the Tax Court" as contained in Section 7482(a) should not be construed to have meaning only as such meaning may be found within the narrow confines of Section 7459(c). We believe that such view is supported by the case of United States v. California Eastern Line, Inc., 348 U.S. 351, 75 S.Ct. 419, 99 L.Ed. 383. There, a taxpayer, through negotiations with the U. S. Maritime Commission, made a contract to transport war equipment to the British Government as a part of the lend-lease activities of 1941. Although the negotiations were carried on through the U. S. Maritime Commission, and the taxpayer was paid from funds appropriated by Congress, the actual contract was made between taxpayer and the British Ministry of Transport. After performance of the contract, and by virtue of the Renegotiation Act, 50 U.S.C.A.Appendix, § 1191, then in force, the Chairman of the Maritime Commission determined that taxpayer should repay a substantial sum of money as excess profits. Taxpayer took the matter to the Tax Court which under the Renegotiation Act was authorized "to finally determine the amount, if any, of excessive profits," and which Act also provid-

ed that, "such determination shall not be reviewed or redetermined by any court or agency." The Tax Court made no finding or determination about profits. "It disposed of the whole case by finding as a fact and holding as a matter of law that the only contract was in the written Charter with the British Ministry, in which the Commission was not named as a party and that consequently the Commission had made no renegotiable contract within § 403(e) (1) of the Renegotiation Act." 348 U.S. at page 353, 75 S.Ct. at page 420. Inasmuch as the Renegotiation Act provided that the Tax Court's determinations of excessive profits could not be reviewed, and being of the opinion that the Tax Court's decision was of such nonreviewable character, the Court of Appeals for the District of Columbia dismissed a petition of the United States filed with it to review such decision of the Tax Court. The United States Supreme Court reversed, holding that under the broad powers of review granted by Section 1141 of the Internal Revenue Code of 1939 (the same as § 7482(a) of the 1954 Code but for some, here irrelevant, exceptions) the decision of the Tax Court was reviewable. The Supreme Court, said, (348 U.S. 353, 354, 75 S.Ct. 421):

"The language of § 1141 is broad enough to justify review of Tax Court renegotiation orders. And we cannot say that because the section was originally passed primarily to authorize review of decisions on revenue matters it should be held inapplicable to decisions on other justiciable matters entrusted to the Tax Court by Congress."

See also Lichter v. United States, 1955, 95 U.S.App.D.C. 316, 221 F.2d 869, which followed the Supreme Court California Eastern decision. The Tax Court decisions in California Eastern and Lichter, so held reviewable, were not decisions specifying the amount of a deficiency or decisions dismissing a proceeding for lack of jurisdiction so as to be within the strict language of § 7459(c).

In the case before us, the Tax Court permitted the Commissioner to create a so-called Special proceeding, naming Louisville Builders Supply Company as a petitioner against the Commissioner, although no petition was, in fact, filed by Louisville. No statute or rule of the Tax Court provides authority for such practice. Having thus set up this special proceeding, the jurisdiction of the Tax Court is employed to order the taking of a deposition for discovery and perpetuation of testimony. Such being the sole purpose of this special proceeding, it is obvious that no decision rendered therein could come within the definitions of § 7459(c). Thus, it must be the Commissioner's position that the Tax Court, having assumed jurisdiction to entertain this special proceeding, and having exhausted the exercise of such jurisdiction by an order decisive of everything involved in the proceeding, has made a final and nonreviewable decision. We find, however, no expression of a Congressional purpose to give this extraordinary and nonreviewable authority to the Tax Court. As was said by the Court of Appeals for the District of Columbia in the case of United States Electrical Motors v. Jones, 80 U.S.App.D.C. 329, 153 F.2d 134, 137,

"It would, we think, require clear language to indicate that Congress intended that any tribunal should have unreviewable authority to determine its own jurisdiction."

The case of Mosseller v. United States, 2 Cir., 1946, 158 F.2d 380, did not involve an order of the Tax Court. However, we think its reasoning apposite here. A petition for an order authorizing the taking of a deposition perpetuating testimony was granted. The proceeding was in anticipation of an admiralty case about to be commenced. It was contended by the petitioner who had obtained the order that it was not an appealable order. The Second Circuit, disposing of this contention, said:

"Nor do we see grounds to reconsider our earlier decision denying

petitioner's motion to dismiss the appeal. The order authorizing the taking of the deposition is a final order for the purpose of appealability, because it grants all the relief sought in the petition and disposes of the proceeding." At page 383.

The Tax Court decision in the case at bar granted all the relief sought and disposed of the entire proceeding pending before it. The order entered was not interlocutory, and we consider it a decision of the Tax Court subject to our review. The motion to dismiss the petition for review is denied.

2) *Did the Tax Court have authority to order the taking of the deposition in question?*

██ Because of the imminence of the death of the witness von Siebenthal, the Commissioner filed application with the Tax Court for leave to take a deposition which would discover and perpetuate his testimony. No statute or rule of the Tax Court specifically provides that court with authority to order the taking of such a deposition prior to the institution of proceedings before it. The Tax Court's Rule 7, 26 U.S.C.A. § 7453, provides that a *proceeding* shall be initiated by filing with the court a *petition.* A reading of this rule and Rule 6 will disclose that the *petition* is one to be filed by a taxpayer and the only *proceeding* defined by such rules is one brought *by* a taxpayer *against* the Commissioner. No such proceeding has as yet been commenced. Notwithstanding this lack of specific authority, the Commissioner asserts that there are rules and statutes from which it may fairly be inferred that the Tax Court has the power to employ pre-proceeding and pre-trial discovery. While the Tax Court possesses judicial, or at least quasi judicial, powers, Stern v. Commissioner, 3 Cir., 215 F.2d 701, 707; Reo Motors, Inc. v. Commissioner, 6 Cir., 219 F.2d 610, 612; Helvering v. Continental Oil Co., 63 App.D.C. 5, 68 F.2d 750, 753, it, nevertheless, is a creature of Congressional enactment—designated by Congress as an "independent agency in the Executive Branch of the Government," (26 U.S.C.A. § 7441). Its powers must be limited to what has been given to it by specific Act of Congress and by its own rules adopted pursuant to Congressional authority, § 7453, I.R.C. 1954, (26 U.S.C.A. § 7453), plus such powers as may be inherent in it as such agency and as such quasi judicial body. Commissioner asserts the following as the sources of the Tax Court's power to order the deposition involved in this appeal:

(a) Tax Court Rule 45. Pertinent parts of that rule provide as follows:

"Rule 45. Depositions. (a) Application to take. When either party desires to take a deposition * * *. The Court upon request will furnish forms for this purpose. If the space in the form furnished by the Court is inadequate for setting forth the reasons in support of the application in any particular case, a substitute form may be used, but the substitute must contain all of the information called for on the Court's form. (See Appendix I, Form 5–A.)

"(b) Limitation on time for application to take. Applications to take depositions must be filed at least 30 days prior to the date set for the hearing of the proceeding, and such depositions must be completed and filed with the Court at least 10 days prior to the hearing: *Provided,* Such applications will not be regarded as sufficient ground for the granting of a continuance from the date or place of the hearing theretofore set, unless the proceeding shall have been at issue less than 60 days and the motion for continuance shall have been filed not less than 20 days prior to said date of hearing: *Provided, further,* That under special circumstances, and for good cause shown, the Court may otherwise order.

   *    *    *    *    *    *

"(e) By stipulation. At any time after issue is joined, the parties or their counsel may, by stipulation

duly signed and filed, take depositions."

A fair reading of the above indicates the purpose of the rules to permit the taking of depositions in proceedings pending in the Tax Court; the form to be employed for that purpose clearly indicates the rule's adaptability only to proceedings pending before the Tax Court. Respondent here suggests that the proviso at the end of subsection (b) of Rule 45 which reads, "That under special circumstances, and for good cause shown, the Court may otherwise order," indicates the rule's intent to permit the employment of other methods than spelled out in the rule, and, thus, to include pre-proceeding depositions to discover and perpetuate testimony. We construe this proviso only as permitting the court under special circumstances to do away with strict compliance with the time requirements of taking depositions *in pending matters*.

(b) *Section 14–201 (9:3), District of Columbia Code (1951 Ed.)*. Commissioner also claims authority in the Tax Court to order the deposition here involved from the above section of the District of Columbia Code. That section, insofar as pertinent here, provides:

> "In any case where the interests of justice may require, the District Court of the United States for the District of Columbia may grant a dedimus potestatum to take depositions according to common usage, and may, according to the usages of chancery, direct depositions to be taken in perpetuam rei memoriam if they relate to any matters that might be cognizable in any court of the United States."

For his assertion of the availability of this provision as authority for the Tax Court's action, Commissioner relies upon the language of § 7453, I.R.C.1954 (26 U.S.C.A. § 7453) which provides:

> "The proceedings of the Tax Court and its divisions shall be conducted in accordance with such rules of practice and procedure (other than rules of evidence) as the Tax

Court may prescribe and in accordance with the rules of evidence applicable in trials without a jury in the United States District Court of the District of Columbia."

He argues that if what is involved here is a matter of practice and procedure, the Tax Court, pursuant to Congressional authority, has adopted a rule (Rule 45) permitting it; if it is a matter of evidence, that the rules of evidence applicable in the District Court of the District of Columbia in the Section above quoted provides the needed authority. We have grave doubts as to whether the District of Columbia Code, § 14–201 quoted above, constitutes a *rule of evidence*, but resolution of such doubts is not here necessary.

At the outset, we are met with the question of whether or not § 7453 granted authority to the Tax Court to adopt rules permitting orders to be entered by it prior to the commencement of any proceedings before it, and whether the mentioned rule of the District of Columbia can be used to support the pre-proceeding special docket activities of the Tax Court. Section 7453 begins by referring to the "proceedings of the Tax Court" and then asserts that *such* proceedings shall be governed by Tax Court rules and by the rules of evidence of the District Court of the District of Columbia. Tax Court Rule 7 defines what shall constitute the initiation of a proceeding before it, namely, the filing of a petition by a taxpayer. Can § 7453 providing the Tax Court with authority to make rules to govern "the proceedings" of that court, be employed to permit its taking action under a so-called special docket prior to what its own rule says shall be the commencement of a proceeding before it? Even, however, should we accept the claim of the Commissioner that its own Rule 45 and Section 14–201 of the District of Columbia Code contain authority for the taking of a deposition prior to the commencement of proceedings in the Tax Court, nowhere in the mentioned rule or code section is any mention made of, or authority given for, the general employment of discovery pro-

ceedings in the Tax Court, either before or after the institution of proceedings in that court.

(c) § 7456(a), Internal Revenue Code 1954 (26 U.S.C.A. § 7456(a) ). The above section of the Internal Revenue Code provides, in pertinent part, that

"(a) For the efficient administration of the functions vested in the Tax Court * * * any judge of the Tax Court * * * may * * * require * * * (2) the taking of a deposition before any designated individual competent to administer oaths under this title."

Taxpayer argues that the above section should be read to apply only to causes pending in the Tax Court "after commencement of proceedings." No specific language provides such a limitation.

■ However, we decline to hold that a Tax Court judge's right to require "the taking of a deposition" comprehends procedural authority to order the pre-proceeding and pre-trial taking of a deposition to discover and perpetuate testimony. Where such authority exists in our state and federal courts, it is specifically provided by rule or statute. The Federal Rules of Civil Procedure authorize a deposition to perpetuate testimony in Rule 27, and a deposition for discovery in Rule 26. Strict definition of the limitations upon the exercise of such procedural privilege are delineated in these rules. Without reviewing the laws of all the states, we mention that in each of the states within this Circuit perpetuation and discovery of testimony are provided for by rule or statute.[2] The Commissioner's instant application to the Tax Court cannot be equated with a bill or action for discovery, nor is there any authority in the Tax Court to employ such a remedy. We do not think the bare words "the taking of a deposition," authority to require which is given to Tax Court judges by § 7456, can be expanded to include all methods of discovering and perpetuating testimony made available in the District Courts by the Rules of Civil Procedure. In the case of Hanks Dental Association v. International Tooth Crown Co., 194 U.S. 303, 24 S.Ct. 700, 702, 48 L.Ed. 989, the Supreme Court made it clear that in the United States Courts, methods of obtaining the production of testimony must be warranted by some Federal law. A New York statute permitted the taking, at any time before trial, of a deposition of a person who expected to be a party to an action. Depositions de bene esse and in perpetuam rei memoriam were permitted by Federal statutes under conditions not required by the New York state statute. Another Federal statute provided that, " * * * it shall be lawful to take the depositions or testimony of witnesses *in the mode* prescribed by the laws of the state in which the courts are held." The quoted language was relied upon for the admissibility of a pre-trial deposition taken under authority of the state law, but without the presence of the conditions required for depositions de bene esse and in perpetuam rei memoriam by Federal statutes. Mr. Justice Fuller held that permission to take depositions *"in the mode"* provided by state law related only to the manner of taking a deposition, and that the right to take a deposition had to be found in a Federal statute, saying (194 U.S. at pages 308, 309, 24 S.Ct. at page 703),

" * * * we do not think the words 'mode of taking' were used * * * with the intention of expanding the scope of the section so

2. In Michigan, § 27.854, Mich.Stat.Anno., Comp.Laws 1948, § 617.6, provides for depositions de bene esse; § 27.38, M.S.A., Comp.Laws 1948, § 601.18, authorizes a rule for discovery and such authority and method is covered by Court Rule 41; § 27.858, M.S.A., Comp.Laws 1948, § 617.-10, provides for depositions to perpetuate testimony. In Ohio, § 2317.48, Pages Ohio Revised Code, Anno., permits an action for discovery; § 2319.32 for the taking of depositions to perpetuate testimony. In Kentucky, Rules 26 and 27 of the Kentucky Rules of Civil Procedure (identical with like numbered Rules of the F.R.Civ.P., 28 U.S.C.A.) cover the same subjects. In Tennessee, §§ 24–1101 through 24–1107, T.C.A., provides for an action for discovery and § 24.1001 provides for depositions to perpetuate testimony.

as to cover the production of testimony through the examination of a party before trial.

"In short, the courts of the United States are not given discretion to take depositions not authorized by Federal law, but in respect of depositions thereby authorized to be taken, they may follow the Federal practice in the manner of taking or that provided by state law."

We believe that by the recent decision in Miner v. Atlass, 363 U.S. 641, 80 S.Ct. 1300, 4 L.Ed.2d 1462, the Supreme Court admonishes that the power to order the taking of such a deposition as we are here considering must be found in some statute or rule and does not exist as an inherent attribute of judicial functioning. The Court there held that because no rule or statute provided such power, the District Courts in admiralty were without authority to order the taking of a discovery deposition. In First National City Bank of New York v. Aristeguieta, 2 Cir., 1960, 287 F.2d 219, the Second Circuit, dealing with the power of a district judge sitting as an extradition magistrate, to order the taking of depositions, emphasized the admonition of Miner v. Atlass against indulging in procedural innovations which have not been sanctioned by statute or authorized rule.

It may, indeed, be desirable that the Tax Court be equipped with the desirable procedural aid of pre-trial discovery. The Supreme Court recognized the value of such pre-trial discovery, described by it as "one of the major achievements of the Civil Rules." [363 U.S. 641, 80 S.Ct. 1305.] It held, however, that it could not be employed in admiralty without rule or statutory authority. The Rules in Admiralty have since been amended to provide admiralty courts with such authority.

We hold that the order of the Tax Court granting Commissioner's application to discover and perpetuate evidence from Fred von Siebenthal was beyond the power of that court. Its order in that regard is reversed and vacated.