ESTATE OF BERNARD A. MARX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Special Proceeding No. 123. Filed April 2, 1963

*William E. Murray*, for the petitioner.
*Andrew S. Coxe*, for the respondent.

#### OPINION

TIETJENS, *Judge:* Counsel for the estate of Bernard A. Marx, on January 21, 1963, filed a petition for order to take deposition, alleging, *inter alia*, that it is desired to take the deposition of a doctor who had had association, both personal and medical, with decedent; that the doctor is 58 years of age; that he had had a coronary attack in August 1957; that the Commissioner had issued a preliminary notice to petitioner proposing to increase its Federal taxable estate in the amount of $1,575,906.21 by including in the estate certain gifts made by decedent during his lifetime; that petitioner expects that the Commissioner will send a statutory notice of deficiency and that the petitioner intends to file a petition in the Tax Court; that the testimony of the doctor will be material; that petitioner has reason to fear that the doctor may not be available to testify when his testimony is needed; and that the Tax Court "has jurisdiction to issue an order for taking depositions *in perpetuam rei memoriam* under the provisions of Section 201, Title 14, District of Columbia Code; and Rule 27 of the Federa Rules of Civil procedure."

The Commissioner on February 8, 1963, filed a motion to deny the application, citing as authority the case of *Louisville Builders Supply Co.* v. *Commissioner*, 294 F. 2d 333 (C.A. 6).

That case involved an application by the Commissioner filed before a statutory notice was issued or a petition filed in this Court for an order to take a deposition to perpetuate the testimony of a named

**1**

witness who was afflicted with cancer and it was believed would live only a short time. This Court granted the application over the petitioner's objection and the petitioner appealed to the United States Court of Appeals for the Sixth Circuit. The Court of Appeals held that the order of this Court was "beyond the power" of the Court and reversed our order.

We perceive no material difference between that case and this and we think the decision of the Sixth Circuit should be followed here.

*An appropriate order will be entered.*